## Alwine v. Valley Smokeless Coal Co., Appellant.

*Mines and mining—Surface support—Waters—Evidence—Case for jury.*

1. In an action to recover damages for the destruction of a spring alleged to have been caused by mining operations, the case is for the jury where plaintiff's evidence, although contradicted, tends to show that the loss of the spring was caused by the removal of the coal under his land, and not from under adjoining land.

*Practice, C. P.—Trial—Evidence—Improper remarks of counsel —Withdrawal of juror—Appeal—Record.*

2. In an action for the destruction of water supply by mining operations, where defendant brings out that plaintiff had submitted claims against water companies for loss of water, it was not cause for withdrawal of a juror for plaintiff's counsel to say to the jury that so far his client had recovered nothing from the water companies.

3. Where an alleged statement of counsel is not brought upon the record and the trial judge has instructed the jury to disregard it, the appellate court cannot say that there was error in the trial judge refusing a request to withdraw a juror.

Argued September 23, 1921.   Appeal, No. 153, Oct. T., 1921, by defendant, from judgment of C. P. Cambria Co., March T., 1917, No. 472, on verdict for plaintiff, in case of Andrew Alwine v. Valley Smokeless Coal Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Trespass for destruction of spring.   Before STE-PHENS, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $9,833.   Defendant appealed.

*Errors assigned* were various rulings sufficiently appearing by the opinion of the Supreme Court, quoting record.

*Charles S. Evans,* with him *Edward Hopkinson, Jr.,* for appellant.—The damage from loss of the spring should.have been eliminated: Ott v. Boggs, 219 Pa. 614; Price v. R. R., 202 Pa. 176; Sandt v. Foundry Co., 214 Pa. 215; Forte v. Markle Co., 258 Pa. 194; Coleman v. Chadwick, 80 Pa. 81.

A juror should have been withdrawn.

*Frank P. Barnhart,* for appellee.—The evidence was ample to sustain the finding for plaintiff, and to have taken it from the jury would have been clear error: Marsh v. R. R., 206 Pa. 558.

The present case is fully controlled by the decision in Weaver v. Berwind-White Coal Co., 216 Pa. 195.

The mere fact that counsel for plaintiff inadvertently referred to evidence of a witness, which evidence had been stricken out by the trial judge, does not call for reversal in view of the action of the trial judge in directing the jury to disregard the statement: Dougherty v. Rys., 213 Pa. 346.

OPINION BY MR. JUSTICE WALLING, January 3, 1922:

This is an action by the surface owner for damages caused by the removal of underlying coal. Plaintiff owned a farm of forty-seven acres in Cambria County, in which defendant owned the C-Prime seam of coal, without the right to let down the surface. The farm was used largely for truck gardening and plaintiff also had greenhouses thereon. Its value was largely enhanced by springs which came out along a ravine, forming a small creek and furnishing a convenient supply of water for irrigation and domestic use. What we will call the north spring was at the north line of the farm and was the one principally involved in this litigation. About 1912 defendant began removing the pillars, which the first mining had left in this tract, and continued the same to exhaustion. This caused cracks and holes in the surface and the springs to become dry. The spring water was held up by impervious strata over the coal and, as the latter was removed, the strata broke and the water disappeared in the mines.

Defendant owned the same seam of coal in adjoining lands and was engaged in removing pillars therefrom at the same time and its contention is that the latter caused the loss of the plaintiff's springs, especially the north spring; if so, admittedly no recovery could be had therefor in this suit. The verdict as rendered for plaintiff implied a finding that all the springs were lost by the second mining done in his land; and from judgment entered thereon defendant brought this appeal.

The cause of the loss of a spring is one of fact and here was for the jury. True, the burden was on plaintiff to show such facts as justify a finding that the loss of the spring resulted from the removal of the coal under his land. He met this burden by the opinion of Gardner M. Stoker, an expert mining engineer, also by proving the fact that the spring ceased to flow when the near-by pillars in his land were removed, and by evidence that the dip of the strata was such as to render

their removal the probable cause of the loss of the water. On the other hand, Mr. Fetterman, defendant's engineer, expressed the opinion that mining on the adjoining land caused the loss of the north spring and that it could not have resulted from the mining on plaintiff's land. The fact that pillars had been removed on plaintiff's farm within less than two hundred feet of the spring when it failed, while none within a thousand feet on the adjoining land had been removed, strengthens plaintiff's contention. No one saw the subterranean reservoir or stream, which fed the spring, or knew whence it came; hence, it could not be definitely affirmed that it came through other land a fifth of a mile away; under the evidence, its source may have been on plaintiff's own farm. The vice of the contention of the able counsel for defendant is the assumption that there is no evidence that the loss of the spring resulted from the mining done under plaintiff's land. True, some of Mr. Stoker's answers on cross-examination might seem to justify this contention, but not his testimony considered as a whole, as it properly should be: Danko v. Pittsburgh Railway Company, 230 Pa. 295. There were also circumstances tending to support plaintiff's case, and the conflicting evidence, as to which mining caused the damage, was necessarily for the jury: Weaver v. Berwind-White Coal Co., 216 Pa. 195. It was not a case where the jury were left to guess, but where they had to pass upon conflicting evidence, aided by a personal view of the premises.

A large stream of water called Stony Creek ran along the southerly side of plaintiff's farm, the waters from which were appropriated by water companies about 1912; and, as it was brought out by defendant in this trial that plaintiff had submitted claims against such companies for damages, it was not cause for the withdrawal of a juror for his counsel to say to the jury that so far his client had recovered nothing from the water

companies.  The evidence supports such assertion, and, so far as we can judge, the defendant was not harmed thereby.  There was a further request on part of defendant for the withdrawal of a juror on account of some statement made to the jury by plaintiff's counsel as to the evidence of a witness which had been stricken out; but, as the alleged statement is not brought upon the record and the trial judge instructed the jury to disregard it, we cannot say there was error in refusing the request.

The assignments of error are overruled and the judgment is affirmed.