## Weaver et al., Appellants, v. Collins's Administratrix.

*Trespass—Negligence—Evidence—Sufficiency—Mining — Damage to surface—Question for jury.*

In an action of trespass to recover for damage done to plaintiff's house and retaining wall by mining operations thereunder, evidence that there was blasting in the mine which shook the house, that there were extensive falls in the roof of the mine, and that the first damage on the surface appeared at the time the mining was done, is sufficient to allow the jury to trace a causal connection between the damage and the mining. It was error to enter judgment non obstante veredicto, in such case, on the ground that the injury did not follow the mining, because there was an interval of two years between the cessation of mining and the final injury, and because the cracks in the top of the mine chambers did not extend to the surface.

Argued April 19, 1922. Appeal, No. 88, April T., 1922, by plaintiff, from judgment of C. P. Washington Co., Feb. T., 1920, No. 147, in favor of defendant non obstante vere- dicto, in the case of Hester B. Weaver and Hester B. Weaver, Guardian of Hester Catherine Weaver, minor child of William Harrison Weaver, deceased, v. Joanna Collins, Administratrix of Dan Collins, deceased. Be- fore ORLADY, P. J., PORTER, HENDERSON, TREXLER, KEL- LER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for injuries to real es- tate. Before BROWNSON, J.

Dixon and Collins Coal Company was the partnership name of Dan Collins, Anson V. Dixon and others. The other material facts are stated in the opinion of the Su- perior Court.

Verdict for plaintiffs in the sum of $391.68 for coal wrongfully mined, and $1,500 damages to property on the surface. Judgment for plaintiffs on the verdict as to the first item, and judgment for defendant non obstante veredicto as to the second. Plaintiffs appealed.

*Error assigned* was the judgment of the court.

*J. Albert Reed,* and with him *R. W. Knox,* for appel- lant.—Where there is a conflict of evidence on a material fact, or any reason why there could not have been a bind- ing instruction, then there can be no judgment against the verdict: Dalmas v. Kemble, 215 Pa. 410; Wetzel v. Pittsburgh Rys. Co., 55 Pa. Superior Ct. 22; Squires v. Job, 50 Pa. Superior Ct. 289.

*R. H. Meloy,* and with him *J. Olan Yarnall,* for ap- pellee.

OPINION BY TREXLER, J., July 13, 1922:

On or about May 1, 1918, the Dixon & Collins Coal Company drove two entries, each about ten feet wide,

from its workings from the east side of plaintiff's lot, under said lot, in order to reach coal lying on the west side of the lot. In constructing the two entries, they appropriated the coal for their own use. This was done without the consent of the owner of the premises and was a plain case of taking something that did not belong to them and the jury awarded treble damages for the coal mined. In doing this it is contended that apart from the unlawful taking of the coal, the defendants interfered with the natural surface support and thereby caused damage to the plaintiff. There was a six-roomed frame dwelling house erected on the lot and about four feet back of it there was a retaining wall which had a thickness of about two feet and a height of five feet. This concrete wall had been erected to keep the lot which is quite steep from sliding down on the house. Between the wall and the house, there was a floor of concrete. The jury found a verdict for the plaintiff specifically on the item of damage caused by the injury to the surface and the trial judge entered judgment for the defendant, as to this part of the verdict, n. o. v. The reason assigned for the entry of judgment for the defendant was that there was no proof that the falling of the wall and the consequent damage was caused by the defendants' mining operations. We have carefully read the testimony in the case and we think there was sufficient to support a verdict for the plaintiff. The wall was erected in 1912 and resisted the lateral pressure of the hillside until 1918, the time when the defendant began undermining the surface. The time when the wall fell was during the portion of the year when the ground was frozen solid, and the lateral surface pressure was therefore apparently removed. There was evidence that there was blasting under the house which shook the house and jarred it. There had been falls in the rooms of the mine under the wall or near it. Some of the witnesses testified that the top of the room nearest the wall had an extensive fall. It is true that the witnesses testified that the cracks in

the wall of the room, viewed from below, did not extend to the surface of the ground, but one witness testified that it "let the top down where the wall was sitting on it and broke it," and that the surface was broken and when the attempt was made to repair the wall, the surface or foundation under the wall was loose so that a pickax would sink into it without resistance. There were numerous breaks in the wall and in the surface back of the wall. It does not appear that there could be no settling of the surface without a visible opening from the surface to the top of the mine. The court sees no relation between the falling in of the mine or the operation in the removal of coal and the damage done. We think there was enough to trace a causal connection between the two. The law does not require absolute demonstration. It is true as the court said that it does not follow "post hoc ergo propter hoc" but necessarily the effect follows the cause and when things have remained for years without change and a new element is introduced and the change comes, we may consider the coincidence, with the other circumstances which are present. It is true the wall did not fall until two years after the mining but the first cracks in the wall appeared at the time the mining was done. Considering the testimony in the most favorable light for the plaintiff, we think the verdict was justifiable.

The judgment is reversed and the record remitted with instructions that judgment be entered for the plaintiff upon the verdict.