RICHARD v. KAUFMAN et al.

Civil Action No. 1361.

District Court, E. D. Pennsylvania.

Oct. 30, 1942.

Solomon Freedman, of Philadelphia, Pa., and Martin H. Philip, of Palmerton, Pa., for plaintiff.

Ralph N. Kellam, of Philadelphia, Pa., for defendants.

BARD, District Judge.

Defendants filed motions to set aside the verdict and judgment thereon for plaintiff and to enter judgment in their favor or be granted a new trial.

This action was brought by the plaintiff to recover damages for depreciation in the value of a farm owned by her in Carbon County, Pennsylvania, because of a diminution of water in a spring thereon as a result of blasting operations conducted by the defendants on neighboring property. The defendants denied that their blasting operations, which were incidental to the construction of a tunnel, were the cause of diminishing the water in plaintiff's spring.

The case was tried before a jury, which rendered a verdict for the plaintiff in the amount of $1,200. Defendants thereupon filed the present motions to set aside the verdict and judgment thereon and to enter judgment in their favor or be granted a new trial. The grounds alleged are the insufficiency of the evidence to support the verdict and the lack of qualifications of two witnesses whose testimony as experts was admitted.

■ Defendants' first argument is directed against the sufficiency of the evidence to show any basis of liability in the absence of any allegation or proof of negligence. Under the law of Pennsylvania, which is controlling in this case, a person who conducts an ultrahazardous activity, such as blasting, is responsible for damages directly resulting therefrom, even in the absence of negligence or fault. Baier v. Glen Alden Coal Co., 131 Pa.Super. 309, 200 A. 190, affirmed 332 Pa. 561, 3 A.2d 349, and cases cited therein; Restatement of the Law of Torts, § 519. The fact that the damage is claimed to have resulted from vibrations in the ground, rather than from the propulsion of debris or other objects through the air, does not make the trespass any the less direct. The further contention of the defendants that this general rule of liability without fault for damage caused by dynamiting is inapplicable where the work is done for municipal purposes under a contract with a municipality is one which was not urged at the trial nor included as a ground for the motions filed. Apart from this, defendants neither alleged nor proved that the work which they were doing was done on behalf of a municipality to which the plaintiff would be entitled to look for compensation for the damages she sustained.

■ The second contention of the defendants is directed to the insufficiency of the evidence to show the extent of the flow of water from the spring within a reasonable period prior to the blasting. A review of the testimony however reveals that at least two witnesses testified expressly on this question, and the issue was therefore properly for the jury.

■ The principal contention of the defendants is that there is no credible evidence that the decrease in the flow of the spring was the result of the blasting. Defendants adduced considerable evidence tending to show that, because of the geological formations, the blasting could not have affected plaintiff's spring, and that any diminution which occurred was the result of extraordinary droughts. This evidence was for the jury however, and the sole question now presented is the sufficiency of plaintiff's evidence as to causation. This evidence consisted of testimony as to the temporary stoppage of flow of water from the spring at the time of the blasting and the marked decrease in the flow existing since then from that which existed prior thereto; testimony as to tremors in the ground at plaintiff's farm which were felt at the time of the blasting, as well as vibrations in the farmhouse and the rattling of windows, and the opinion of an expert witness whose qualifications defendants challenge. Leaving aside for the moment the question as to the qualifications of the expert, this testimony was sufficient to present a jury question. If in a case of this type conditions which have continued for a long period of time change coincidentally with the occurrence of a new event which in common experience may have caused the change, there is sufficient evidence of causation present for the case to go to the jury. In Weaver v. Collins' Administratrix, 79 Pa.Super. 289, in which the question was the sufficiency of the evidence that the removal of coal by defendants had caused a wall on plaintiff's land to fall, the court said at page 292 of 79 Pa.Super.: "We think there was enough to trace a causal connection between the two. The law does not require absolute demonstration. It is true as the

court said that it does not follow 'post hoc ergo propter hoc' but necessarily the effect follows the cause and when things have remained for years without change and a new element is introduced and the change comes, we may consider the coincidence, with the other circumstances which are present."

In the recent case of Jackson v. United States Pipe Line Co., 325 Pa. 436, 191 A. 165, it was similarly held that the evidence of pollution of plaintiff's well by oil of the defendant was sufficient to go to the jury where plaintiff proved that no oil on his property had escaped; that there was no oil pipe line other than defendant's within three miles of the well; that the pipe line was at a higher elevation than the well and that the ground sloped downward toward the well; and that after the oil was discovered, the defendants removed some pipe which had holes in it.

Similar principles were likewise announced and applied in Hornick v. Bethlehem Mines Corp., 307 Pa. 264, 161 A. 75, and Alwine v. Valley Smokeless Coal Co., 271 Pa. 571, 115 A. 882, in actions for damages for drying up of springs on the lands of the plaintiffs.

■ The defendants' attack on the admissibility of the testimony of Mark Biery as an expert goes to the weight to be given his testimony rather than to his qualifications. Biery testified that in his opinion the diminution of the flow of water in plaintiff's spring resulted from the blasting. He was a well driller with 35 years of experience in dynamiting. The facts on cross-examination revealed that he had no experience in blasting tunnels, that his blasting experience was with dynamite charges of twice the strength of that used by the defendants, and that he had made no inspection of plaintiff's spring or the surrounding terrain. This did not disqualify him from expressing an opinion as an expert on whether the blasting in the present case was the cause of the drying up of the spring.

■ The remaining question deals with the sufficiency of the qualifications of the witness produced by plaintiff as an expert, to render an opinion as to the extent of the decrease in the value of her property as a result of the diminution of the flow of water from the spring. This witness was the former sheriff of the county, who had sold numerous properties in that capacity, and who had also held a real estate broker's license for six years. As a broker, he had sold six or eight farms in the county. In addition, he was a director of a local bank and, as such, had examined various farms in the area for the purpose of passing upon mortgage applications. He was personally familiar with the plaintiff's farm and knew the uses to which it might be put. Under these circumstances, his qualifications as an expert were adequate. Markowitz v. Pittsburg & Connellsville Railroad Co., 216: Pa. 535, 65 A. 1097; Hoffman v. Berwind-White Coal Mining Co., 265 Pa. 476, 109 Pa. 234.

The motions of the defendants are denied.