## Mulchanock, Appellant, *v.* The Whitehall Cement Manufacturing Company.

*Real property—Trespass—Quarries—Blasting—Direct trespass— Liability of defendant.*

1. An injury is considered as immediate, when the act complained of itself, and not merely a consequence of that act, occasions the injury.

2. Where the owner of a quarry so conducted its blasting operations as to cause damage to an adjoining property by casting rocks and stones against the dwelling thereon erected, this amounted to a direct trespass upon the premises injured, for which the liability of the owner of the quarry was absolute, although the work was conducted without negligence; and in an action for the injuries so sustained the entry of a compulsory nonsuit was error.

Argued Feb. 1, 1916. Appeal, No. 253, Jan. T., 1915, by plaintiff, from final order of C. P. Lehigh Co., April T., 1913, No. 79, refusing to take off compulsory nonsuit, in case of Andrew Mulchanock v. The Whitehall Cement Manufacturing Company. Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ. Reversed.

Trespass to recover damages for injuries to plaintiff's dwelling. Before GROMAN, P. J.

The opinion of the Supreme Court states the facts.

The trial judge entered a compulsory nonsuit, which the court subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Milton C. Henninger,* with him *William H. Schneller,* for appellant.

*Thos. F. Diefenderfer,* for appellee.

OPINION BY MR. JUSTICE POTTER, April 17, 1916:

This is an appeal from the refusal of the court below to take off a judgment of compulsory nonsuit. The plaintiff and defendant were owners of properties which were separated only by a public road. The defendant operated a stone quarry, distant some two hundred and fifty feet from the premises of plaintiff. The blasting operations were so conducted that large pieces of rock were frequently cast upon the property of plaintiff. It appears that, prior to the explosion, the defendant was good enough to notify the plaintiff, or members of his family, of the impending danger, and to suggest that the occupants of the house should retire to a place of safety, in order to escape injury from the blast. In giving this notice, defendant seemed to consider that it had discharged the full measure of its duty to plaintiff. The trial judge held that there could be no recovery of damages, unless it was shown that defendant was malicious or negligent in the operation of the quarry, and he further held that in this case the question of negligence was one of law for the court, and, being of the opinion that the testimony did not establish negligence, he refused to take off the judgment of compulsory nonsuit. The court below seems to have overlooked the fact that the evidence showed direct injury to plaintiff's property. It showed that as a result of the blasting operations large pieces of rock were repeatedly cast upon and against the dwelling house and premises of plaintiff, breaking windows, and breaking slate upon the roof, and depriving him of the quiet possession and enjoyment of his property. Such acts amounted to a forcible breaking of the plaintiff's close, and the injuries resulting therefrom would, under the common law system of

pleading, have been regarded as immediate, and an action of trespass quare clausum fregit would have been the proper remedy. It is true that, in his statement, plaintiff also claimed damages for consequential injuries. But it is an established principle that "an injury is considered as immediate when the act complained of itself, and not merely a consequence of that act, occasions the injury": 1 Chitty on Pleading 117. It is clear that the evidence here disclosed a case of aggravated wrong to the rights and property of the plaintiff. If the defendant so conducted its work of blasting upon its premises, as to cause damages to the adjoining property by casting rocks thereon, this amounted to a direct trespass upon the premises injured, for which the liability of defendant was absolute, and for which it is bound to respond in damages without regard to the question of negligence. Both the court below and counsel for the appellee, cited and relied upon the decision in Penna. Coal Co. v. Sanderson, et ux., 113 Pa. 126, but that decision has no proper application to the facts here disclosed. As the present Chief Justice said in Sullivan v. Jones & Laughlin Steel Co., 208 Pa. 540 (549), the doctrine of that case "has never been, and never ought to be extended beyond the limitations put upon it by its own facts."

The assignments of error are sustained, and the judgment is reversed with a procedendo.