Hirsh, Appellant, v. Patrick McGovern, Inc.

Argued October 17, 1929.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE, and GRAFF, JJ.

*H. Leon Bennett,* and with him, *Sterling & Willing,* for appellant.

*Philip Werner Amram* of *Wolf, Block Schorr & Solis-Cohen,* for appellee.

OPINION BY CUNNINGHAM, J., July 21, 1930:

In the spring of 1926 the City of Philadelphia was constructing a subway on North Broad Street, in order that additional transportation facilities might be afforded the public. A contract for the performance of the work had been awarded to Patrick McGovern,

Inc., defendant below and appellee herein; it was stated of record that he "was an independent contractor......and used dynamite to blast out rocks at the time of excavation."

Appellant, G. Gould Hirsh, was the owner and occupier of a building at No. 4717-21 on that street, used as an automobile sales room and service station. As the work progressed toward appellant's building, concussions from the blasting weakened a supporting pillar in the show room, and, simultaneously with an explosion on February 4, 1926, a large show window was shattered and fell inside, damaging one of the stored cars. Appellant, alleging that the contractor "negligently engaged in the blasting and use of high explosives" and that the injuries "were the result of the gross, wanton and negligent acts of the defendant and were occasioned by reason of the discharge of a quantity of high explosive and the resulting vibrations so great that the defendant knew, or was bound to know, before exploding said high explosive, that it would unnecessarily damage the building and its contents" unless proper supports were erected and maintained, brought an action of trespass against him in the municipal court. The trial judge entered a compulsory nonsuit upon the ground that appellant failed to submit any evidence of negligence upon the part of the contractor or his employes; the court, in banc, refused to take it off and we have this appeal. No proceedings of any kind were instituted against the municipality.

There was no testimony that the blasts were excessive or exploded without due care, or that stones or dirt were cast upon the premises. Evidence was introduced to show that one of appellee's officers had promised to put protective wiring on the windows before the accident; that one set was put on thereafter;

that following the explosion some effort was made by appellee to install a temporary covering for the shattered window, which, however, was abandoned; and, finally, that one of the officers of the construction company had told appellant to put a new window in and charge it to appellee. We agree with the court below that no inference can be drawn from these acts that the blasting was done in a negligent manner, since the facts were equally consistent with an unavoidable injury; in fact, appellant concedes on appeal that no negligence was shown, but argues that the rule of liability without fault for damages caused by concussion, resulting from the use of explosives, is applicable. To support his contention, he cites numerous cases from various states in which liability in such instances is held to be identical with that resulting from a trespass quare clausum fregit where there is an actual physical invasion of another's premises. Appellee, on the other hand, cites cases which refuse to extend the rule to damages resulting merely from concussions. The point has never been adjudicated in Pennsylvania; nor need it be decided in this case.

In many of the cases cited the issues arose between private parties. Here, however, we have a property owner alleging that his real estate has been injured by a municipal corporation, acting through its contractor, in the enlargement of one of its highways. A complaint of this character immediately directs attention to Article XVI, Section 8, of our Constitution, which, inter alia, requires municipal corporations to "make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements."

Assuming, as we may for present purposes, that the injuries of which appellant complains are within the contemplation of this section (Ladd v. Phila., 171

Pa. 485; Stork v. Phila., 195 Pa. 101; Mellor v. Phila., 160 Pa. 614; Lewis on Eminent Domain, 3rd Ed., Sec. 352), the question involved upon this appeal relates exclusively to the remedy for enforcing the constitutional right. The rule by which this question must be determined is well established. If such injuries resulted from the negligence of the municipality, or its contractor, in the performance of the work, the remedy is by an action of trespass against the municipality or the contractor, as the case may be, based upon such negligence, but, if the injuries were the direct, immediate and necessary or unavoidable consequences of the act of eminent domain, no matter how carefully performed, the remedy is against the municipality and ordinarily by proceedings before a board of view: Stork v. Phila., supra; Fyfe v. Turtle Creek Borough, 22 Pa. Superior Ct. 292; Robinson v. Norwood Borough, 27 Pa. Superior Ct. 481; Cooper v. Scranton City, 21 Pa. Superior Ct. 17; Postal Telegraph Cable Co. v. Keystone State Const. Co., 63 Pa. Superior Ct. 486. When an improvement by a municipal corporation is the direct and proximate cause of the injury and the damage is the necessary and unavoidable consequence of the non-negligent performance of the work by the municipality or its contractor, but there is no legislation providing for the appointment of viewers with power to award just compensation, the property owner may enforce his right against the municipality by an action in the nature of trespass on the case: County of Chester v. Brower, 117 Pa. 647; Pennsylvania Railroad Co. v. Duncan, 111 Pa. 352, affirmed under the title of Pennsylvania Railroad v. Miller, 132 U. S. 75. The presence or absence of negligence in the manner in which the act of eminent domain is performed does not affect the constitutional right of the property owner, but does materially affect

his remedy. All we now decide is that this appellant, having grounded his action upon the alleged negligence of the contractor and having admittedly failed in the proof thereof, was not entitled to go to the jury. The single assignment of error is based upon the refusal to take off the nonsuit and for the reasons stated must be overruled.

Judgment affirmed.