## McGowan v. Steele & Sons Co., Appellant.

Argued October 26, 1933.

*Thomas C. Egan,* and with him *Wolf, Block, Schorr & Solis-Cohen,* for appellants, cited: Silveus v. Grossman, 307 Pa. 272; Tyler v. MacFadden Newspapers Corp., 107 Pa. Superior Ct. 166.

*Nathan Lavine,* and with him *Herbert W. Salus,* for appellees, cited: Rafferty v. Davis, 260 Pa. 563.

OPINION BY JAMES, J., April 16, 1934:

This is an action in trespass brought in the municipal court of Philadelphia to recover damages for personal injuries suffered by the plaintiff, caused by a blast of dynamite. By agreement the case was tried before a judge without a jury, who found for the plaintiff. Defendant filed motions for judgment non obstante veredicto and for a new trial, both of which were refused and defendant now appeals from the judgment entered on the finding of the judge.

The defendant was in the general contracting business and on January 7, 1931 was engaged in erecting a building at C and Tioga Streets in the City of Philadelphia on the property of the Philadelphia Storage Battery Company. In the course of this work it became necessary to do certain blasting and the defendant company employed Frank Cocinotto, who had experience in work of this kind and had been employed by the defendant company on previous occasions for blasting and authorized him to engage as a helper a man named Aurita, who was also experienced in this kind of work and had been formerly employed by Cocinotto. Both of these men were paid by the hour, Cocinotto $2.50 an hour, and the helper Aurita $1.50 an hour. Their time was kept by defendant's timekeeper and payment was made by defendant to Cocinotto by check on bills rendered by him and he paid Aurita in cash. The helper, Aurita, worked on the job with a pick and shovel with defendant's other employees when not engaged in blasting. Cocinotto was not paid when he was not working and on the day when the accident happened, he was not working and was not present on the job. They worked when ordered to do so by Smythe, defendant's labor superintendent, and quit when he so ordered.

All supplies, material and equipment, such as compressors, drills, dynamite, fuses, batteries, wire, etc., were supplied by the defendant company. Defendant's employees drilled all of the holes for the blasts, covered the places with mats and timbers and gave warning to employees and to persons employed in the building in which the plaintiff was employed when the blasts were about to be fired. According to the testimony of Aurita, who fired the blast which caused the accident, Smythe, the labor superintendent, gave the signal to set off the blast after Aurita had protested to him that more planks should be laid to protect the wall which was blown in.

Plaintiff, on the afternoon of the accident, was employed by the Philadelphia Storage Battery Company and was working in a storeroom of that company in a building adjacent to the location of the blasting operations. The windows in the room where he was working were either boarded up or protected by a high board fence which prevented him from seeing the blasting operations. Between three and four o'clock in the afternoon, the blast was set off which blew in the windows and carried stones, dirt and rocks into the room where plaintiff was working when he suffered the injuries complained of. On all previous occasions, one of defendant's employees had warned those working in this room when a blast was about to be set off so they could retire to a place of safety but on this particular occasion no such warning was given.

Appellant complains (1) that the evidence fails to establish any liability on the part of the defendant; and (2) that Cocinotto was acting as an independent contractor.

(1) The testimony, which in view of the findings of the trial judge must be taken as true, established that although warning had been given of previous blasts, no warning was given of the particular blast

which caused the injuries to the plaintiff; that defendant failed to take adequate precautions by placing planks against the windows as they had done on previous occasions and that the force of the explosion indicated an overcharge in the amount of dynamite used in the blast. Under this testimony, it was a clear question of fact for the trial judge to determine whether the defendant was negligent and, in view of the finding of the trial judge, must be accepted as having been established. But as was said by Mr. Justice POTTER in Rafferty v. Davis, 260 Pa. 563, 567, 103 A. 951, "Another element, which appears upon the surface of the case, arises out of the duty which rests upon one, conducting blasting operations upon his own property, to do so in such a manner as not to injure others, in person or property. If he inflicts such injury, it is a trespass for which he may be held responsible even if not shown to be negligent." Under all the circumstances, we are of the opinion that the court was fully warranted in finding the defendant responsible for the injuries sustained by the plaintiff.

(2) As to what constitutes the relationship of an independent contractor and the relation of master and servant, Mr. Justice SCHAFFER, in Kelley v. D. L. & W. R. R. Co., 270 Pa. 426, 429, 113 A. 419, cited with approval the language used by Judge FULLER, the late president judge of the court of common pleas of Luzerne County, wherein he stated, "Where control is not reserved over the means, the relationship is that of independent contractor, and conversely where such control is reserved, the relationship is that of servant or employee."

In Smith v. State Workmen's Ins. Fund, 262 Pa. 286, 291, 105 A. 90, the general rule was thus stated, "Where a person lets out work to another, the contractee reserving no control over the work or workmen, the relation of contractor and contractee exists, and not that of master and servant. ....... 'If one

renders the service in the course of an occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished, it is an independent employment.' " This principle was cited with approval in Colleoni v. D. & H. Co., 274 Pa. 319, 118 A. 248; Simonton v. Morton, 275 Pa. 562, 119 A. 732.

"To constitute an independent contractor, it must appear that a contract has been made for the doing of some work by another, the latter having the exclusive control of the manner of conducting and performing it. If, however, the means of carrying out the duties are subject to the direction of the employer, the conclusion is otherwise." Campagna v. Ziskind, 287 Pa. 403, 135 A. 124.

In the case of Tyler v. MacFadden Newspapers Corp., 107 Pa. Superior Ct. 166, 163 A. 79, in an exhaustive and comprehensive opinion by Judge KELLER, the rule was laid down as follows: "If the person for whom work is to be done, has the right to select the employees who are to do the work, the power to remove and discharge them, the right to direct both what work shall be done and the way and manner in which it shall be done, then the relation of master and servant exists. But if he lets out the work to another, reserving no control over the work or workmen, beyond such general supervision as may be necessary for the purpose of ascertaining whether the contractor is carrying out his agreement, then the relation is that of independent contractor, and the contractor alone is liable for the negligence of his employees."

Applying the above rule, Cocinotto could not be considered as an independent contractor as the defendant retained complete control over every phase of the work. It furnished all equipment and materials, adopted whatever precautionary measures were used, such as the laying of planks, mats, warning persons in the neighborhood and warning workmen in the ad-

joining building and the defendant's superintendent directed the time and circumstances under which the blast was fired. The only duty of Cocinotto was as to the quantity of dynamite and the actual setting off of the charge. As to every other duty of the operations, the defendant had complete and full charge. Clearly, under such circumstances, the relationship between the defendant and Cocinotto was that of the ordinary hiring of a servant to do a particular kind of work, differing only in character as to the work performed by the other employees of the defendant company upon this operation.

Judgment affirmed.