Sher *v.* Ohlbaum, Appellant.

Argued November 12, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Alexander Love, Jr.,* with him *Ladner & Ladner,* for appellant.

*Judah Zelitch,* for appellee.

OPINION BY JAMES, J., December 21, 1936:

Plaintiff brought suit against the defendant as the

registered owner to recover taxes paid by plaintiff for the years 1932 to 1935 inclusive. Defendant's contention was that she had no knowledge the title to the premises in question had been placed in her name. The case was tried before a judge sitting without a jury, who found for the plaintiff. From the judgment entered on the finding, defendant has appealed.

On October 23, 1928, Snyder Weinfeld executed a bond and mortgage, which was duly recorded, upon premises located at 348 West Roosevelt Boulevard, Philadelphia, Pa. A deed from Weinfeld to Blanche Ohlbaum—the defendant—his sister, for the premises was recorded on October 23, 1930. The bond and mortgage were assigned, on May 6, 1932, to Marie Sher—the plaintiff—another sister of Weinfeld. From 1930 to the date of trial, the premises were occupied by Weinfeld. A scire facias was issued upon the mortgage against Sydney Weinfeld, grantor, and Blanche Ohlbaum, real and registered owner, and the scire facias was personally served on Blanche Ohlbaum on November 30, 1934. On January 4, 1935, a registered letter was sent by plaintiff's counsel to Blanche Ohlbaum notifying her that a writ of levari facias has been issued directing the sheriff to sell the premises of which she was the real and registered owner, and a sale would be had on February 4, 1935. Plaintiff purchased the premises at the sale and paid the taxes. At the request of his uncle, Weinfeld, Will N. Ohlbaum, son of the defendant, then living with his mother, had prepared the deed, witnessed its execution and recorded it. The son, called by the plaintiff, and Weinfeld, called by the defendant, testified that they had not informed the defendant of the transaction. Plaintiff called the defendant for cross-examination, but the examination was confined solely to defendant's personal relations with her son. Later, before the plaintiff had closed her case, defendant was recalled and examined by the court,

during which she testified that she did not know the property had been registered in her name for the years 1930 to 1935, and did not receive any tax or other bills relating to the premises.

".......When a deed or other conveyance is duly recorded and registered in the name of a given person he, as the registered title holder, is regarded as the 'owner' for purposes of assessment and taxation, and is personally liable for taxes levied on the property. ......Under the Act of 1854, P. L. 21, section 11, there is one possible exception which may relieve a registered owner from liability. That act provides: 'If any person against whom such taxes shall have been assessed, shall make affidavit he did not own (the land) ...... at the time they accrued and became a lien thereon, the said taxes shall be collected of the true owner thereof.' This would apply where a grantor conveys and the grantee does not record his deed ......Another exception occurs where a person, without his knowledge or consent, has had a deed made and duly recorded conveying to him title to land......While the law affixes liability to presumptive ownership as shown by registration of title, if that ownership is created through no act of the person in whom title is placed and without his knowledge and consent, then the law would not require him to pay taxes, if, after knowledge thereof, he takes prompt and adequate steps to disavow such ownership through a reconveyance. But if he fails to take advantage of the act when he learns of his liability, the prima facie liability becomes absolute as between such party and the municipality. Such grantee may, however, recover from the grantor the taxes paid and in this respect is in the same position and has the same rights as any third person required to pay taxes ......If......a third party, as a mortgagee, is required to pay taxes, such party steps into the shoes of the municipality, and is subrogated to its rights, which,.

of course, includes the right to proceed against the record title owner:" *Pennsylvania Co., Trustee, v. Bergson,* 307 Pa. 44, 51, 52, 54, 159 A. 32. See *Integrity Trust Co. v. St. Rita B. & L. Assn.,* 112 Pa. Superior Ct. 343, 171 A. 283; *Provident Trust Co. v. Judicial B. & L. Assn.,* 112 Pa. Superior Ct. 352, 171 A. 287.

Plaintiff having proved defendant was the registered owner of the premises, a prima facie liability was established and it was incumbent upon the defendant to prove she had no knowledge the title was in her name, and, that prompt and adequate steps were taken to disavow her title when she acquired the knowledge. To rebut a presumption sufficient to take plaintiff's case to a jury, the oral evidence, relied upon by the defendant, must be clear, positive, credible, uncontradicted and indisputable: *Hartig v. American Ice Co.,* 290 Pa. 21, 137 A. 867. To overcome the prima facie liability, the only testimony contained in the record, outside of the cross-examination of defendant by the court, is the negative testimony of the son in plaintiff's case and the brother's testimony in defendant's case that the defendant had not been informed of the transaction. Defendant admitted she had been served with the scire facias and had received the letter from plaintiff's counsel, yet she was content with notifying her brother and consulting a lawyer to see what the writ was. As thus presented, it was purely a question of fact to be determined by the court, whose findings have all the weight of a verdict of a jury: *McGowan v. Steele & Sons,* 112 Pa. Superior Ct. 552, 171 A. 903. In its opinion, the court below said: "In this case, the Court as judge of the facts after carefully weighing the testimony, is convinced that the defendant had knowledge of the conveyance, notwithstanding her testimony, and the testimony of Weinfeld and her son that she had no knowledge. In this connection, it should be noted that the deed was prepared by her

son, who was an employee of a Title Company, and was certainly aware of the responsibility assumed by one who has title recorded in his name. It is hardly likely that he would expose his mother to such responsibility without her knowledge or consent."

Appellant earnestly contends that the plaintiff was bound by the answers of the defendant when examined by the court. It has frequently been decided that if one litigant calls his adversary to testify upon cross-examination, while the testimony thus obtained is not conclusive upon the former, but may be rebutted by other proof, yet to the extent it is not rebutted it is conclusively taken to be true: *Krell v. Jacobson,* 314 Pa. 522, 172 A. 697. Plaintiff's counsel, undoubtedly recognizing the danger of cross-examining the defendant as to her knowledge, avoided any questions on that point and confined his examination solely to the personal relations of defendant and her son. The questions asked by the court undoubtedly were important as a matter of defense, but in view of the restricted examination conducted by plaintiff, the rule above referred to should not be applied as to answers to questions of the court.

As has often been said, it is the right and sometimes the duty of the trial judge to interrogate witnesses, but his interrogations are bound by the same rules as govern counsel and particular care should be exercised in such examinations, especially of a defendant called for cross-examination. However, we are persuaded that defendant's negative testimony that she had no knowledge was not so clear, positive, uncontradicted and indisputable as to clothe it with credibility when taken in connection with other portions of her testimony in which she admitted having been served with the scire facias, as the real and registered owner, and the receipt of a letter from plaintiff's counsel prior to the sheriff's sale.

Judgment affirmed.