Opinion by
 

 Kenworthey, J.,
 

 These two actions in trespass were brought to recover damages for injury alleged to have been inflicted upon appellees’ buildings by blasting operations conducted by
 
 *347
 
 defendant-appellant. They were tried together in the court below, were argued together here and we shall dispose of them in one opinion since they involve identical issues. The appeals are from the refusal of defendant’s motions for judgment n.o.v. and for new trial.
 

 The statements of claim allege that the plaintiffs’ properties are located along a street under which defendant was constructing, a sewer under a contract with the municipality, in the course of which blasting was done; that the vibrations from the blasting shook plaintiffs’ buildings, causing damage; and that defendant was guilty of a direct trespass and, therefore, liable for the ensuing damage. Plaintiffs also alleged that defendant conducted the blasting negligently, but no negligence was proven. Plaintiffs, however, did offer evidence which tended to prove that the damage was caused by the blasting.
 

 The principal question before the court, on the motion for judgment n.o.v., is whether plaintiffs are entitled to recover in these actions or whether their remedy was to proceed against the municipality before a board of viewers.
 

 Defendant’s contract with the city provided that “...... the contractor shall be held responsible for, and shall make good any damage caused” by blasting. It is established by the decisions of this court in
 
 Postal Telegraph Co. v. Keystone State Construction Co.,
 
 63 Pa. Superior Ct. 486; and
 
 Hirsh v. McGovern, Inc.,
 
 100 Pa. Superior Ct. 1, that a contractor performing municipal work is not liable, without proof of 'negligence, in ian action of trespass for damage caused by the concussion and vibrations of a blasting operation. “......if the injuries were the direct, immediate and necessary or unavoidable consequences of the act of eminent domain, no matter how carefully performed, the remedy is against the municipality, ordinarily by proceedings before a board of viewers.”
 
 *348
 

 Hirsh v. McGovern,
 
 supra. But, the contractor is liable where, as here, he has voluntarily assumed the liability. See
 
 Baier et ux. v. Glen Alden Coal Company,
 
 332 Pa. 561; Restatement of the Law of Contracts, Sec. 145(a) and Illustration 3 thereunder;
 
 Wilson v. Oliver Costich Co., Inc.,
 
 231 App. Div. 346, 247 N. Y. Supp. 131 (1931), affirmed per curiam, 256 N. Y. 629, 177 N. E. 169 (1931) ;
 
 Coley v. Cohen et al.,
 
 169 Misc. 933, 9 N. Y. S. (2d) 503 (1939);
 
 Bator v. Ford Motor Co.,
 
 269 Mich. 648, 257 N. W. 906 (1934). The motion for judgment n.o.v. was properly overruled.
 

 But the admissibility of the contract, under the pleadings, is another matter. In the Baier Case, the contract was admitted without objection. Here it was objected to specifically on the ground that it was irrelevant, and, since it was not pleaded and no attempt was made to amend the pleadings, we think it should have been excluded. The contract is the real basis of the liability and defendant was entitled to an opportunity to plead and offer evidence in support of any defense it may have had to its validity or applicability.
 

 Defendant complains that the trial judge erred in permitting the plaintiffs, who were not experts, to describe the effect of the blasting on their respective properties. We find no error in this. They lived in the buildings throughout the operations, were familiar with the condition before and after, and were entirely competent to describe what they observed.
 
 Smith v. Penn Federal Company,
 
 315 Pa. 20, 172 A. 147.
 

 Finally, the trial judge allowed the jury to find liability on the theory of a, direct trespass. As we have already indicated, this was error because defendant was, under a contract with the municipality, exercising the city’s power of eminent domain, and, therefore, had it not assumed the liability, none would have existed without proof that the work was done negligently.
 

 The first, fourth, and sixth assignments are over
 
 *349
 
 ruled. The second, third, fifth, ninth, tenth, eleventh, twelfth, thirteenth and fourteenth assignments are sustained. No argument was presented concerning the seventh and eighth assignments and we find no merit in them.
 

 The judgment is reversed with a venire.