## Harclerode et ux. v. Detwiler et al.

*Reiley & Reiley* and *Richard C. Snyder*, for plaintiffs.

*Ellis W. Van Horn, Jr.*, and *Paul A. Koontz*, for defendants.

WRIGHT, P. J., November 28, 1947.—Plaintiffs filed a complaint in trespass claiming damages for injury to improvements on their land due to vibration from blasting in defendants' quarry. We are here passing upon preliminary objections in the nature of (1) a

demurrer; and (2) a motion for a more specific pleading.

Where blasting injures another's property by the throwing of debris thereon, liability follows regardless of the method of blasting, because there is a direct trespass: Mulchanock v. The Whitehall Cement Manufacturing Co., 253 Pa. 262. The complaint in the present case does not allege such a trespass, nor does it allege that defendants were negligent in their blasting operations. The action is based upon the theory of absolute liability without fault for damages caused solely by vibration resulting from the use of explosives. The question involved is one which materially affects property rights in this Commonwealth.

In Hirsh v. Patrick McGovern, Inc., 100 Pa. Superior Ct. 1, 4, speaking of the rule laid down in some jurisdictions that liability for injury to property from vibration is identical with that resulting from the casting of debris thereon, the Superior Court said, "The point has never been adjudicated in Pennsylvania; nor need it be decided in this case". Counsel for defendants contend for what they term the New York rule, which is alleged to be that one who lawfully discharges blasts upon his own ground, in the absence of negligence in the manner of handling the explosives, is not liable for injury to adjacent property caused by the mere disturbance of the earth if no substance is thrown on the premises so as to constitute a physical invasion thereof. On the other hand, the doctrine contended for by plaintiffs is that absolute liability is imposed for all damage resulting from blasting regardless of negligence and regardless of whether such damage arises from the throwing of debris or from vibration.

The New York case relied upon by counsel for defendants is Booth v. Rome, W. & O. T. R. R. Co., 140 N. Y. 267, 35 N. E. 592. However, in the later case of Dixon v. N. Y. Trap Rock Corp., 293 N. Y. 509, 58

N. E. (2d) 517, the doctrine of the Booth case was held not to apply to a factual situation similar to the instant case. The Pennsylvania case principally relied upon is Penna. Coal Co. v. Sanderson et ux., 113 Pa. 126, in which Justice Clark said (p. 146):

". . . every man has the right to the natural use and enjoyment of his own property, and if whilst lawfully in such use and enjoyment, without negligence or malice on his part, an unavoidable loss occurs to his neighbor, it is damnum absque injuria, for the rightful use of one's own land may cause damage to another, without any legal wrong". The Sanderson case involved pollution of a stream by mine water, and its doctrine has never been extended beyond the limitations put upon it by its own facts: Sullivan v. Jones & Laughlin Steel Co., 208 Pa. 540, 549.

Defendants have cited certain other appellate court cases which we will briefly mention. In Fox v. Borkey et ux., 126 Pa. 164, the decision was not based solely on failure to prove negligence but upon the additional grounds that defendant's act was not the proximate cause of plaintiff's injury and that plaintiff was guilty of contributory negligence. In Sowers v. McManus, 214 Pa. 244, all that was decided was that possession of dynamite is not unlawful or, in itself, negligence. It was not a blasting case. In Hirsh v. McGovern, Inc., supra., 100 Pa. Superior Ct. 1, the Superior Court expressly stated (p. 6):

"All we now decide is that this appellant, having grounded his action upon the alleged negligence of the contractor and having admittedly failed in the proof thereof, was not entitled to go to the jury".

In Del Pizzo v. Middle West Construction Co., 146 Pa. Superior Ct. 345, defendant was constructing a sewer under contract with a municipality, and the rules of law applicable to that factual situation do not govern the present case. Hess v. American Pipe Manu-

facturing Co., 221 Pa. 67, is not helpful to defendants' position.

Baier et ux. v. Glen Alden Coal Co., 131 Pa. Superior Ct. 309; 332 Pa. 561, has been cited by both parties. The Superior Court said (p. 317) :

"A situation was shown where the coal company undertook to have drilled a hole located within a few feet of plaintiffs' property, which operation involved the firing of dynamite almost under plaintiffs' property and within comparatively few feet of the surface. The charge was necessarily heavy enough to shatter boulders and such an explosion was bound to set up violent vibrations in the earth and the waves would *in the natural course of events* reach plaintiffs' property. The extent of the damage depended on many factors, some of which were in the control of the actor and some of which were not. Such an act was just as much a breaking of plaintiffs' close as any other direct trespass". (Italics supplied.)

Certainly the Baier case is authority for the proposition that there can be recovery for injury due to vibration alone regardless of negligence. Our thought in this connection is expressed by the following language from Louden v. City of Cincinnati, 90 Ohio 144, 158, 106 N. E. 970, 973.

"We are unable to distinguish between a case where a fragment of rock or a portion of the soil is thrown onto an adjoining property and a case where the force of an explosion is transmitted through the soil and substratum, jarring, cracking and breaking it, . . . It is a distinction without a difference. . . . Is not a concussion of the air and jarring, breaking and cracking the ground with such force as to wreck the buildings thereon as much an invasion of the rights of the owner as the hurling of a missile thereon? If there is any difference whatever, it is purely technical, and ought to find no favor with the courts".

But does the Baier case establish in Pennsylvania absolute liability as contended for by plaintiffs? It was cited in Summit Hotel Co. v. National Broadcasting Co., 336 Pa. 182, as authority for the following statement:

"We have held that in blasting, a person conducting the operation is liable regardless of negligence, but this liability arises out of the inherently dangerous character of such explosions, and requires one who intentionally causes the explosion to be affected with knowledge that injury may result beyond his power to prevent. *He therefore must assume the risk. This is not strictly a case of absolute liability.*" (Italics supplied.)

And in Richard v. Kaufman, et al., 47 F. Supp. 337, the Baier case is cited as authority for the following statement (p. 338):

"Defendants' first argument is directed against the sufficiency of the evidence to show any basis of liability in the absence of any allegation or proof of negligence. Under the law of Pennsylvania, which is controlling in this case, a person who conducts an ultrahazardous activity, such as blasting, is responsible for damages directly resulting therefrom, even in the absence of negligence or fault. . . . The fact that the damage is claimed to have resulted from vibrations in the ground, rather than from the propulsion of debris or other objects through the air, does not make the trespass any the less direct."

Attention should also be called to the recent lower court cases of Racker v. The Lawrence Portland Cement Co., 29 Northamp. 118; and Federoff v. Harrison Construction Co., 28 Wash. Co. 12, in both of which negligence was averred. While we are not in exact accord with the somewhat divergent views expressed therein, the opinions in these cases do constitute expressions against the doctrine of absolute liability.

After extended consideration, our conclusion is that the Pennsylvania cases establish a middle ground between the respective contentions of the parties. As Mr. Justice Mitchell said in Collins v. Chartiers V. Gas Co., 131 Pa. 143:

"The dividing line between the right to use one's own, and the duty not to injure another's, is one of great nicety and importance, and frequently of difficulty. The Pennsylvania decisions have endeavored with unusual care, to preserve the substance of both rights, as far as their sometimes inevitable conflict may permit."

Just what the theory of liability is for cases which fall within this middle ground has not been expressly stated by our appellate courts, nor need we now determine it. Our present judgment is that an actor should not be liable for injuries which he could not foresee. The Supreme Court of Pennsylvania adheres to the doctrine of foreseeability of harm in determining what is proximate cause. If the actor is negligent, he is responsible only for such consequences as he might and ought to have foreseen as likely to flow from his act: Irwin Savings & Trust Co. v. Penna. R. R. Co., 349 Pa. 278. We tend to the opinion that liability for nonnegligent blasting should be determined upon the same basis. This would be in line with the rule laid down in A. L. I. Restatement of the Law of Torts, vol. 3 §519, as follows:

"One who carries on an ultrahazardous activity (blasting is so defined in the following section) is liable to another whose person, land or chattels the actor *should recognize as likely to be harmed* by the unpreventable miscarriage of the activity for harm resulting thereto from that which makes the activity ultrahazardous, although the utmost care is exercised to prevent the harm." (Italics supplied.)

It is entirely possible that by adherence to the doctrine of foreseeability of harm, all of the Pennsylvania

cases on the subject of blasting can be reconciled. The words "inherently dangerous" as used in Summit Hotel Co. v. National Broadcasting Co., supra., 336 Pa. 183, 188, are substantially the same as "ultrahazardous" as used in the restatement rule. The risk which the actor must assume under Justice Kephart's language would under our theory be the *foreseeable* risk. And the words which we have italicized in the quotation from the Baier case "in the natural course of events" would fall into proper alignment. Incidentally, the theory has been advanced that, if harm is foreseeable as a result thereof, the doing of the act of blasting, no matter how carefully, is of itself negligence: Fitz-Simons & Connell Co. v. Braun, 199 Illinois 390, 65 N. E. 249, 251.

To summarize, while we cannot agree with counsel for defendants that no liability exists in blasting cases without negligence in the absence of the casting of debris, we do not agree with counsel for plaintiffs that the doctrine of absolute liability for blasting damages due only to vibration obtains in this Commonwealth. Since the complaint is framed upon this latter theory, the demurrer must be sustained.

Our conclusion with regard to the demurrer renders unnecessary a determination of the second preliminary objection. We do point out, however, that there is a difference between general and special damages. General damages, which are the ordinary and usual consequences of the wrong done, may be proved without being specially pleaded (Parsons Trading Co. v. Dohan et al., 312 Pa. 464), and see the helpful discussion by Judge Anderson in Ruby v. P. R. R., 58 York 45.

### Decree

Now, November 28, 1947, the preliminary objections are sustained. Plaintiffs are granted leave to plead over within the period of 20 days, otherwise judgment for defendants. An exception is noted.