## Federoff et ux. *v.* Harrison Construction Co., Appellant.

54

Argued April 14, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Frank L. Seamans*, with him *H. Gilmore Schmidt, Smith, Buchanan & Ingersoll* and *Miller & Schmidt*, for appellant.

*David H. Weiner*, for appellees.

OPINION BY RHODES, P. J., July 23, 1947:

Plaintiffs brought an action in trespass to recover for damage to their dwelling house caused by concussion resulting from defendant's blasting operation. The operation was extensive, and the distance from plaintiffs' house varied from 1,550 to 3,000 feet. The locale of the properties involved is in the Borough of Canonsburg, Washington County, where defendant was engaged in constructing a plant for the Aluminum Company of America. Plaintiffs' statement of claim set forth as grounds of defendant's liability: (1) Absolute liability regardless of negligence; (2) nuisance; and (3) negligence in blasting. Plaintiffs alleged that defendant's blasting by the use of dynamite caused concussion and vibrations which broke, cracked, disturbed and damaged the house of plaintiffs as follows: The foundation walls were broken and displaced; the house settled and was thrown out of plumb; the walls, roofs, floors, sills, chimneys, windows, doors, steps, porches, plaster, painting, and the gas, water and sewer pipes and plumbing were cracked, broken and displaced.

The case was submitted to the jury which found that the damage to plaintiffs' house was caused by the blasting carried on by defendant, and that the said blasting was done negligently. Defendant's motions for judgment n. o. v. and for a new trial were refused, and judgment was entered on the verdict for plaintiffs. Defendant has appealed.

Appellant on this appeal contends: (1) That the rule of liability without fault does not exist in Pennsylvania where the damage from the explosion of dynamite results from concussion and vibrations, and is not caused by the casting of rocks and debris on the damaged property; (2) that the evidence of damage is not alone proof of negligence; and (3) that there is no evidence of negligence on the record of this case to support the jury's verdict.

The determinative question raised by appellant is whether the evidence is sufficient to warrant a jury's finding that the damages to plaintiffs' property was the result of negligence on the part of appellant.

Appellant's only assignment of error is to the refusal of its motion for judgment n. o. v. It follows that in reviewing the denial of appellant's motion for judgment n. o. v. the testimony must be read in the light most advantageous to plaintiffs, and all conflicts therein must be resolved in their favor, and they must be given the benefit of every fact and inference of fact, pertaining to the issues involved, which may reasonably be deduced from the evidence. *Muehlhof v. Reading Co.,* 309 Pa. 17, 19, 162 A. 827. Applying this rule we think that the question presented must be answered in the affirmative.

Preliminarily, we may say that the question of absolute liability for the use of dynamite where the damage results from concussion, and not from the throwing of rocks, earth, or debris, has not, in so far as we have been able to ascertain, been definitely passed upon in Pennsylvania. In *Hirsh v. Patrick McGovern, Inc.,*

100 Pa. Superior Ct. 1, 4, we said that "The point has never been adjudicated in Pennsylvania." See Modern Tort Problems, Eldredge, p. 25 et seq.; *Harclerode et ux. v. Detwiler et al.,* 61 Pa. D. & C. 541. Where a defendant so conducts its work of blasting as to cause damage to property or injury to persons by the throwing of rocks, earth, or debris, this amounts to a direct trespass for which the liability of the defendant is absolute, and for which it is bound to respond in damages without regard to the question of negligence. *Mulchanock v. Whitehall Cement Mfg. Co.,* 253 Pa. 262, 264, 98 A. 554; *Rafferty v. Davis,* 260 Pa. 563, 567, 103 A. 951; *McGowan v. William Steele & Sons Co.,* 112 Pa. Superior Ct. 552, 171 A. 903; *Baier v. Glen Alden Coal Co.,* 131 Pa. Superior Ct. 309, 200 A. 190, affirmed 332 Pa. 561, 3 A. 2d 349. Contra, *Baker v. Hagey et al.,* 177 Pa. 128, 35 A. 705. Cf. *Summit Hotel Co. v. National Broadcasting Co.,* 336 Pa. 182, 190, 8 A. 2d 302. We find it unnecessary to express any opinion as to the applicability of the rule of absolute liability[1] since there is evidence, in our opinion, in the present case to support the jury's finding of negligence in appellant's blasting operation.

In the construction of the plant it was necessary for appellant to grade the plant site, create a new channel for a creek, and prepare foundation holes for heavy machinery. Plaintiffs' house was 1,550 feet from the plant site at the nearest point, and about 3,000 feet at the most extreme distance; the house stood at an elevation of 169 feet above the plant site. The coal under the land in the vicinity of plaintiffs' house had been removed prior to 1923.

The material blasted by dynamite during the month of April, 1943, was principally limestone rock. Plaintiffs introduced testimony showing that the holes in which the dynamite was placed were drilled five feet

---

[1] See Restatement of the Law, Torts, §519.

apart, in rows or squares, to a depth of twelve feet. From eight to ten one-pound sticks of dynamite were inserted in each hole and tamped, and sand added to fill the hole. Detonator wires were connected on a single circuit and the holes were fired simultaneously. Appellant exploded as high as 160 a day.

Several of plaintiffs' witnesses, some of whom were their neighbors, testified to a particularly heavy blast occurring about 5 p.m. on April 23, 1943. This was the first heavy blast affecting the neighborhood where plaintiffs' house was located. Thereupon plaintiffs' house was rocked, windows and water pipes were broken, the sewer pipes were clogged, the dishes were jarred and fell, the plaster was cracked, and the walls of the house were thrown out of line. The southwest wall of the house was moved eight to ten inches out of line. Upon investigation it appeared that one of the foundation walls had been moved about four inches. Appellant's blasting continued every day, except Sundays, until November; and the cracks in plaintiffs' house grew larger and the damage increased.

The day following the blast of April 23, 1943, the husband-plaintiff complained to one Max Harrison and informed him of the effect of the blasting on the previous day. Harrison was admittedly a vice-president of appellant and in charge of the operation at the time. On this occasion Harrison told plaintiff that appellant would pay for the damage to plaintiffs' house, but that plaintiffs would have to wait until the blasting operation had been completed. Notwithstanding, the blasting was continued by the same method and with increasing damage to plaintiffs' property. It also appeared that when appellant blasted inside or near the partially completed buildings of the plant it used comparatively small charges of explosive.

Appellant presented evidence to the effect that the damage to plaintiffs' house was caused by subsidence

due to the removal of coal underneath, and that the blasting could not have been the cause of the damage.

On the other hand, plaintiffs' evidence, if believed, established negligence on the part of appellant in the following respects: (1) Charges of explosives were excessive considering the various factors involved; (2) the use of excessive charges of explosives was continued after notice and knowledge of damage; and (3) failure to take any precautionary measure after such notice and knowledge.

Assuming, as appellant suggests, the damage itself is not proof of negligence where there has been the intentional explosion of dynamite as in the present case, the violence of the blast and the nature of the injury may be sufficient to justify an inference by the jury that the blast was the result of an overcharge, and to warrant a finding of negligence upon that ground. The jury could also conclude that appellant was negligent in continuing the blasting, under the circumstances, in the same manner after April 23, 1943; that appellant then had reason to believe that it was creating an unreasonable risk of further injury to plaintiffs' property by continuing its operation in the same manner. As the Supreme Court stated in *Rafferty v. Davis*, supra, 260 Pa. 563, at pages 566, 567, 103 A. 951, at page 952: ". . . the general rule in cases of the explosion of dynamite, where third parties having no relation to the person having it in possession are injured, is that the highest degree of care must be exercised. . . . 'The accurate statement of the law is, not that negligence is presumed, but that the circumstances amount to evidence from which it may be inferred by the jury.' . . . Such a violent and unusual result as that here shown amounts in itself to evidence from which the jury might well have inferred a lack of proper care in the amount of explosive used for the blast." It was for the jury to resolve the conflicting evidence and pass upon the credibility of the witnesses.

To hold, as a matter of law, in the circumstances here shown, that plaintiffs failed to prove that appellant was negligent would amount to a judicial usurpation of the jury's function.

Judgment is affirmed.