## George et ux. v. Lombardi et al.

*Edward A. Kelly*, for plaintiffs.

*Horace N. Lombardi*, for defendants.

LEVINTHAL, J., January 22, 1951.—The question raised by defendants' preliminary objections is whether owners whose property was damaged as the immediate and direct result of boring and blasting by municipal contractors may recover from the contractors in an assumpsit action.

Defendants' contract with the City of Philadelphia provided that, in constructing the relief sewer, defendants "shall have charge and control of the entire work . . . , shall be deemed as independent contractor in respect to the work . . ." and "shall be alone liable and responsible for, and shall pay, any and all loss and damage sustained by any person . . . by reason of injuries to person and damage to property . . . irrespective of whether or not such injuries or damage be due to negligence or to the inherent nature of the work . . ." Furthermore, defendants agreed "to fully indemnify, protect and save harmless the City . . . from any and all liability and from all suits and actions of any kind and description brought or which may be brought against them" for any such loss or damage.

Defendants have filed preliminary objections in the nature of a demurrer and a petition raising a question of jurisdiction. It is contended that plaintiffs should have proceeded against the municipality for consequential damages under the constitutional provision that just compensation should be made for property

"taken, injured or destroyed". Defendants apparently argue that if the damage was the direct, immediate and necessary consequence of the act of eminent domain, without negligence, the only remedy is against the city, ordinarily by proceedings before a board of view.

In our opinion there is no merit to this contention.

Presumably, plaintiffs could seek compensation from the city for the damages alleged to have been sustained in this case under the constitutional provision: Constitution of Pennsylvania, art. XVI, sec. 8; Locust Street Subway Construction, 117 Pa. Superior Ct. 86 (1935); Borsalino et ux. v. City of Reading et al., 111 Pa. Superior Ct. 549 (1934). It also seems clear that plaintiffs may recover in trespass from the contractors, without relying upon the contract and without proof of negligence: Federoff et ux. v. Harrison Construction Co., 362 Pa. 181 (1949). The Supreme Court, in that case, cited and relied upon the A. L. I. Restatement of the Law of Torts, §519, that "one who carries on an ultrahazardous activity is liable to another whose . . . land . . . the actor should recognize as likely to be harmed by the unpreventable miscarriage of the activity for harm resulting thereto from that which makes the activity ultrahazardous, although the utmost care is exercised to prevent the harm".

The court there held that damage caused by blasting and resulting from vibration or concussion, even though no tangible material is thrown on the damaged property, is recoverable by the property owner from the contractor in an action of trespass. Even prior to the Supreme Court decision in the Federoff case, supra, defendants were held liable to property owners for such damages in actions of trespass and in the absence of proof of negligence, where municipal legislation or a contract imposed absolute liability upon defendant: Baier et ux. v. Glen Alden Coal Company,

332 Pa. 561 (1939) ; see dictum in Del Pizzo v. Middle West Construction Company, 146 Pa. Superior Ct. 345 (1941), at page 348: "The contractor is liable where, as here, he has voluntarily assumed the liability." A. L. I. Restatement of the Law of Contracts, §145(a), and illustration 3 thereunder, are cited in support of the foregoing dictum.

In the unreported case of Loeb v. Pontarelli, C. P. 2, March term, 1948, no. 2954, Judge Alessandroni allowed recovery in an action of assumpsit, where the facts were very similar to those under consideration here.

It is plain that the parties to the contract in the present case manifested an intention of benefitting property owners, as well as the city, by giving the former the right to sue the contractor directly for all consequential damages. Plaintiffs are obviously third-party beneficiaries under the contract sued upon, and defendants are under a contractual duty to pay plaintiffs for all damages, due either to negligence or to the inherent nature of the work.

As to our jurisdiction, therefore, we think it is obvious that the constitutional provision which makes those exercising the privilege of eminent domain liable for consequential damages does not deprive us of our general jurisdiction to determine the liability of contractors for such damages in a proper case. The decisions which hint that the constitutional remedy against the municipality is the only remedy for "unavoidable" damage sustained by the exercise of the privilege of eminent domain must be read in the light of the doubt which existed prior to the decision of the Supreme Court in the Federoff case, supra, as to whether contractors could be held liable in trespass for concussion damages where no negligence was shown. See Hirsh v. Patrick McGovern, Inc., 100 Pa.

Superior Ct. 1 (1930) ; Federoff v. Harrison Construction Company, 163 Pa. Superior Ct. 53, 55 (1947).

The suit here is based upon a contract which explicitly makes the contractor liable directly to the property owner for the damages alleged to have been sustained. We think an action in assumpsit is proper, but whatever the form of action, our jurisdiction cannot be seriously questioned.

The preliminary objections were accordingly dismissed on December 20, 1950, with leave to defendants to file an answer to the merits within 20 days.