Federoff et ux. *v.* Harrison Construction Co.,
Appellant.

Argued March 21, 1949. Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON and STEARNE, JJ.

*Frank L. Seamans,* with him *Milton W. Lamproplos, H. Gilmore Schmidt, Miller & Schmidt,* and *Smith, Buchanan & Ingersoll,* for appellant.

*David H. Weiner,* for appellees.

OPINION BY MR. JUSTICE LINN, June 24, 1949:

The defendant appealed to the Superior Court from judgment on a verdict for plaintiffs in their suit to recover for damage to their dwelling house in Canonsburg, Washington County, resulting from a distant blasting operation conducted by defendant in leveling and otherwise preparing a tract of land as the site for a manufacturing plant. The plaintiffs' house was distant from the blasting 1,600 feet (at some points) and 3,000 feet (at others). No material was thrown on their property; the damage resulted from vibration or concussion. In their complaint, plaintiffs alleged absolute liability, nuisance, and negligent blasting as grounds for recovery. The trial court, in the words of the judge's opinion, "submitted to the jury two questions. First. Was the damage to the plaintiffs' house caused by the blasting carried on by the defendant? [Second] And if so, was this blasting carried on in a negligent manner?" There was a verdict of $1,200 for the plaintiffs which implied a finding that the blasting caused the damage. Defendant moved for judgment n. o. v. The court dismissed the motion and directed judgment on the verdict. The Superior Court affirmed the judgment on the ground, as we understand it, that there was sufficient evidence of negligent blasting to go to the jury to support the verdict: see 163 Pa. Superior Ct. 53, 60 A. 2d 334 (1948), where the facts are fully stated. On defendant's application, we granted leave to appeal to this Court because we were

in doubt whether, as the Superior Court held, there was sufficient evidence of negligence. We think the record supports a finding that the damage was caused by the blasting, thus bringing the case within the rule stated in section 519 of the Restatement of Torts: that, subject to exceptions not now material, "one who carries on an ultrahazardous activity [1] is liable to another whose person, land or chattels the actor should recognize as likely to be harmed by the unpreventable miscarriage of the activity for harm resulting thereto from that which makes the activity ultrahazardous, although the utmost care is exercised to prevent the harm." In *Mulchanock v. Whitehall Cement Manufacturing Co.*, 253 Pa. 262, 98 A. 554 (1916), it was held that the rule of absolute liability applied for damage resulting from the breaking of plaintiff's close by casting blasted material on his premises. That rule is applicable in this case though no material was thrown on plaintiffs' property.

The defendant-appellant contends that, as plaintiffs tried to prove negligence, they may not recover without proof of it. But the case is much broader; plaintiffs also alleged absolute liability, and produced evidence from which the jury found that defendant's blasting damaged their dwelling; if, in their effort to recover, they went further than was necessary by attempting to prove negligence, as a basis for recovery, the failure to carry that excess of burden does not disqualify them from relying on the principle of absolute liability, the evidence being consistent with that contention. It is plaintiffs' pleading of absolute liability as well as liability for negligence that distinguishes this case from *Kramer v. Pittsburgh Coal Co.*, 341 Pa. 379, 19 A. 2d 362 (1941), referred to in appellant's brief.

There is no doubt that such blasting is an ultrahazardous activity; it is also true that in many circumstances blasting is necessary to enable an owner to make advan-

_____
[1] Defined in section 520.

tageous use of his property. While there is a division of opinion in states in which the question has been presented for decision, we think the view announced in section 519 of the Restatement of Torts reflects the trend [2] shown in *Mulchanock v. Whitehall Cement Manufacturing Co.*, supra, and properly applies to the blasting described in this record. On that ground we affirm the judgment.

Mr. Justice DREW would affirm the judgment on the opinion of the Superior Court.

Judgment affirmed.

---

[2] Workmen's Compensation Laws and statutes requiring the guarding of classes of machinery are familiar examples of the same trend.