## Laventhol v. A. DiSandro Contracting Company, Appellant.

Argued March 17, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Robert C. Kitchen,* for appellant.

*Lionel B. Gumnit,* with him *Harold J. Elkman,* for appellee.

OPINION BY WRIGHT, J., July 14, 1953:

Plaintiff brought action in trespass against A. Di-Sandro Contracting Company, Emilio Leva, and Michele P. Ventresca for damage resulting from blasting in the course of the construction of a sewer. Nonsuit was entered in favor of defendants A. DiSandro Contracting Company and Emilio Leva. Judgment was taken against defendant Michele P. Ventresca, after a finding in favor of the plaintiff by the trial judge on a case stated, and this appeal followed.

On or about September 1, 1949, the plaintiff was the owner of the premises 7101 Greene Street, Philadelphia. The defendant, as an independent contractor, was engaged in the laying of sewers for the City of Philadelphia in the vicinity of the plaintiff's premises. This work was being done in Greene Street and Mount Pleasant Road. Defendant used blasting materials in the course of his work, vibrations from which damaged the premises of the plaintiff. It was agreed that there was no negligence in the conduct of the blasting operations. Plaintiff's suit is based on the allegation of liability without fault.

The single question presented by this appeal is whether liability in trespass for consequential damage resulting from the exercise of the power of eminent domain may be imposed upon an independent contractor performing the work in the absence of negligence on his part.

Appellant's principal contention is that plaintiff's remedy is against the municipality by proceeding before a board of view under Article 16, Section 8, of the Constitution of Pennsylvania which reads as follows:

"Municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction. The General Assembly is hereby prohibited from depriving any person of an appeal from any preliminary assessment of damages against any such corporations or individuals made by viewers or otherwise; and the amount of such damages in all cases of appeal shall on the demand of either party be determined by a jury according to the course of the common law."

Under this constitutional provision the absolute liability imposed was for non-negligent injury. If the injury was caused by negligent performance of the work, the remedy was by action of trespass rather than by a proceeding before viewers: *Stork v. City of Philadelphia*, 195 Pa. 101, 45 A. 678; *Lizza v. Uniontown City*, 345 Pa. 363, 28 A. 2d 916. We do not interpret the constitutional provision to prevent a trespass action against an independent contractor where liability exists regardless of negligence. Whether or not plaintiff could have proceeded by petition for viewers, his remedy in that respect is not exclusive.

In *Baier v. Glen Alden Coal Co.*, 332 Pa. 561, 3 A. 2d 349, it was held that an action in trespass was proper regardless of negligence where absolute liability had been imposed by municipal legislation. Similarly, a contractor was held to be liable in trespass if he had

entered into a contract voluntarily assuming liability: *Del Pizzo v. Middle West Construction Company*, 146 Pa. Superior Ct. 345, 22 A. 2d 79. While it was indicated in *Hirsh v. McGovern, Inc.*, 100 Pa. Superior Ct. 1, that the presence or absence of negligence affected plaintiff's remedy, all that was actually decided in that case was "that this appellant, having grounded his action upon the alleged negligence of the contractor and having admittedly failed in the proof thereof, was not entitled to go to the jury". The question of absolute liability for concussion damage was expressly not determined. In the words of Judge CUNNINGHAM, "The point has never been adjudicated in Pennsylvania; nor need it be decided in this case".

In the case of *Del Pizzo v. Middle West Construction Company*, supra, relied upon by counsel for appellant, it was stated "that a contractor performing municipal work is not liable, without proof of negligence, in an action of trespass for damage caused by the concussion and vibrations of a blasting operation". A retrial was ordered, however, upon the theory that the contractor had entered into a contract with the municipality providing for the assumption by the contractor of absolute liability. This decision must be interpreted in the light of the fact that there was as yet no judicial determination of absolute liability for concussion damage without negligence.

Liability for concussion damage resulting from non-negligent blasting operations has now been established by *Federoff v. Harrison Construction Co.*, 362 Pa. 181, 66 A. 2d 817. In that case an independent contractor conducted a blasting operation in leveling and preparing a tract of land for a factory site. Plaintiff's dwelling was damaged by concussion and vibration. In affirming judgment for plaintiff, the Supreme Court followed the rule set forth in Section 519 of the Re-

statement, Torts that, "except as stated in Sections 521-4, one who carries on an ultrahazardous activity (and blasting is so defined in Section 520) is liable to another whose person, and or chattels the actor should recognize as likely to be harmed by the unpreventable miscarriage of the activity for harm resulting thereto from that which makes the activity ultrahazardous, although the utmost care is exercised to prevent the harm".

It is our conclusion that the decision in the *Federoff* case controls the situation in the case at bar. Since liability exists irrespective of negligence, an action in trespass may properly be brought against the independent contractor even though he may be acting under contract with a municipality. Our view is in accord with that expressed by Judge LEVINTHAL of Philadelphia County in *George v. Lombardi*, 75 D. & C. 500, 502.

Defendant contends that he should be relieved from liability under Section 521 of the Restatement. This section is one of the exceptions to the general principle set forth in Section 519, and provides that "the rule stated in Section 519 does not apply if the activity is carried on in pursuance of a public duty imposed upon the actor as a public officer or employee or as a common carrier". Defendant urges that the word "employee" be interpreted to include an independent contractor. With this contention we cannot agree. It is difficult to subscribe to a theory which would place liability on an independent contractor under an agreement with a private individual, but which would absolve him from that liability if his agreement is with a municipality. So far as the actual performance of the work is concerned, it is essentially the same whether the contractor is working for a municipality or for a private party. The "public duty" imposed upon a

public officer or employe differs from the duty voluntarily assumed by a successful bidder for a contract. The defendant in the instant case knew, or should have foreseen, the possible consequences of the blasting operations. His position is no different from that of the contractor in the *Federoff* case.

Judgment affirmed.