Joseph **THOMPSON** and Leola Thompson, his wife

v.

**HARRY C. ERB, Inc.**, a Pennsylvania Corporation.

No. 19707.

United States District Court
E. D. Pennsylvania.

Feb. 15, 1956.

Blanc, Steinberg, Balder & Steinbrook, Philadelphia, Pa., for plaintiffs.

Robert C. Kitchen, Philadelphia, Pa., for defendant.

LORD, District Judge.

Defendant has filed this motion for summary judgment.

Plaintiffs, husband and wife, filed a complaint in assumpsit on October 19, 1955 upon which they seek to recover for personal injuries and property damage sustained by them as a result of an accident which occurred April 7, 1953. The vehicle involved, owned and operated by the plaintiff-husband in which his wife was a passenger, ran into an excavation made by the defendant. The plaintiffs contend they are third party beneficiaries of the breach by defendant of a highway construction contract entered into between the City of Philadelphia and the defendant. The contract contained the customary save harmless agreement in favor of the City.[1] Plaintiffs also assert an alternative cause of action based upon defendant's negligence.

Defendant has raised the defense of the Pennsylvania two-year statute of limitations.

The issue thus presented is: Does the Pennsylvania six-year statute (for breach of contract or warranty) or the two-year statute of limitations (for negligence) apply.

In support of their contention that the six-year statute of limitations applies, plaintiffs cite the case of Laventhol v. A. DiSandro Contracting Co., 1953, 173 Pa.Super. 522, 98 A.2d 422. However, that case merely holds that a contractor is liable in an action of trespass for concussion damage resulting from non-negligent blasting operations performed under contract with a municipality. The statute of limitations was not involved. The other cases cited by the plaintiffs are not applicable to the instant case.

The two-year statute of limitations relied upon by the defendant is section 2 of the Act of 1895, P.L. 236, 12 P.S. § 34 which reads:

"Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, *must be brought within two years from the time when the injury was done and not afterwards;*

* * *." (Emphasis supplied.)

The above statute has been interpreted in the case of Nightlinger v. Johnson, 1932, 18 Pa.Dist. & Co. 47 where the court said:

"Certainly the terms of the statute are both explicit and inclusive. No distinction is made by it between trespass and assumpsit, none between direct trespasses and trespasses on the case. The legislature made no attempt to classify actions to which the act should apply upon any of the bases just indicated. On the contrary, it classified them simply into suits brought to recover damages for injuries wrongfully done to the person, on the one hand, and, on the other, all other cases. It concluded the first in the application of the act, and excluded all others. *The act therefore applies to assumpsit brought to recover damages for personal injuries* and to trespass suits brought for the same purpose." (Emphasis supplied.)

In the case of Jones v. Boggs & Buhl, Inc., 1946, 355 Pa. 242, 49 A.2d 379, the court held that damages for personal injuries resulting from breach of warranty may not be recovered in an action of assumpsit instituted more than two years after the injuries were received.

---

1. "Party of the second part shall be alone liable and responsible for, and shall pay, any and all loss and damage sustained by any person or party either during the performance or subsequent to the completion of the work covered by this agreement by reason of injuries to person and damage to property * * * that may occur either during the performance or subsequent to the completion of the work covered by this agreement, or that may be sustained as a result or consequence thereof, irrespective of whether or not such injuries or damage be due to negligence or to the inherent nature of the work."

This case was cited and followed by this Court in the case of Ravetz v. Upjohn Company, 138 F.Supp. 66. Judge Ganey there held that the Act of 1895 imposes the period of limitation *on the cause of action,* instead of annexing it to the form of action.

This Court is of the opinion that the two-year statute of limitations is to be applied to the claims for personal injuries in the instant action.

Accordingly, defendant's motion for summary judgment is granted, and plaintiffs' claim for property damage is dismissed since this Court lacks jurisdiction, inasmuch as the amount in controversy is less than $3,000, exclusive of interest and costs.