Enoch *v.* New Enterprise Stone and Lime Company, Inc., Appellant.

Argued June 11, 1962. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Archibald M. Matthews,* for appellant.

*Frank A. Orban, Jr.,* for appellees.

OPINION BY FLOOD, J., September 13, 1962:

The question to be resolved on this appeal is whether the verdict for the plaintiff should be regarded as a proper compromise verdict, to be left undisturbed, or whether the trial judge properly exercised his discretion in granting a new trial by reason of the inadequacy of the verdict.

The verdict for the plaintiffs was in the sum of $2000. The repair of the damages which, they claim, resulted from the defendant's blasting will cost a much

222

larger sum—over $7000 according to the plaintiffs' expert and something in excess of $4000 according to the defendant's expert. The trial judge observed that, since the liability of the defendant had been determined by the verdict, the only question remaining was its adequacy. In his opinion, the amount of the jury's award cannot be supported even under the defendant's evidence and does not bear a reasonable relation to the amount of proven damages. He therefore granted a new trial limited to damages only.

While there is no doubt of the defendant's liability for whatever damage its blasting caused to the plaintiffs' hotel (*Federoff v. Harrison Construction Co.*, 362 Pa. 181, 66 A. 2d 817 (1949); *Laventhol v. A. DiSandro Contracting Co.*, 173 Pa. Superior Ct. 522, 98 A. 2d 422 (1953)) and there is also no doubt that the verdict was seriously inadequate if the blasting caused all the damage which the plaintiffs claimed, there is serious doubt about whether the blasting did cause all of these damages.

The court below seems to assume, in its opinion, that the verdict for the plaintiffs was not only a finding of liability—which it clearly was—but also a finding that the defendant's blasting caused all of the damage which the plaintiffs claim—which it patently was not. The court did not discuss causation in its opinion. The trial judge in his charge called the jury's attention to the defendant's contentions that it did not do any damage, and that the damage, if any, must have been caused by the prior blasting of the Latrobe Construction Company. However, he then instructed them that this was an affirmative defence as to which "the burden is not on the plaintiffs to overcome it but the burden is on the defendant to establish it". This erroneously put the burden on the defendant to establish lack of causation instead of placing upon the plaintiffs the burden of proving that the damages of which they

complain were caused by the defendant's blasting. The opinion granting a new trial indicates that the court may have been influenced by this incorrect view of the defendant's burden of proof in concluding that the damages awarded were inadequate.

In any event, the defendant produced (1) evidence that the plaintiffs' son, who was their bartender and evidently played a part in the management of their business and in the handling of this matter for his parents, made a claim against the Latrobe Construction Co.; (2) testimony of an investigator that the plaintiffs told him the first blasting which affected their hotel occurred in the middle of November, which was before the defendant's blasting commenced; (3) testimony of the defendant's superintendent that he visited the plaintiffs' hotel to observe the effect of subsequent blasting done by the defendant at the same place where the blast of December 9, 1959, had occurred, that the effect on the hotel was very slight and not apparently noticed by the other persons in the bar, and that the blasting on each occasion was of approximately the same strength; and (4) testimony of the defendant's expert that in some areas of the hotel approximately one-fifth of the cracks claimed by the plaintiffs to have resulted from the blasting contained paint and dirt, indicating they were old cracks.

In view of this testimony, throwing considerable doubt, if believed, upon the extent of the damage caused by the defendant's blasting, it seems clear to us that the jury's verdict constituted a compromise on the question of the amount of damage caused by the defendant. This was a reasonable compromise and the verdict should have been allowed to stand.

As Mr. Justice Bok said in *Elza v. Chovan*, 396 Pa. 112, 152 A. 2d 238 (1959): "There is no magic in amounts but only in the circumstances, and compromise verdicts are both expected and allowed: Karcesky

v. Laria, 382 Pa. 227, 114 A. 2d 150 (1955). The compromise may arise out of damages or negligence or the balance of evidence concerning either or both, and the grant of a new trial may be an injustice to the defendant rather than an act of justice to the plaintiff: see Patterson v. Palley Mfg. Co., 360 Pa. 259, 61 A. 2d 861 (1948)." We conclude that the grant of a new trial for inadequacy in this case was an abuse of discretion.

The order granting a new trial is reversed and the record is remitted with direction to enter judgment on the verdict.