## Harkins v. Ferrero

*High, Swartz, Roberts & Seidel,* for plaintiffs.
*Foulke, Knight & Porter,* for defendant.

DITTER, J., April 26, 1965.—We are here concerned with defendant's preliminary objections to plaintiffs' complaint alleging personal and property injuries stemming from defendant's misuse of toxic chemicals.

Plaintiffs, two minor children and their father, have complained that defendant was cleaning a neighbor's cesspool with "sulphuric acid and/or other dangerous chemicals", and that as a result of the use of these chemicals, "great and voluminous amounts of fumes and gases were given off, which fumes and gases carried to the next door property and into the house" where the two minor children resided. The complaint goes on to allege that this caused certain respiratory ailments to befall the children, and that the house and furnishings were also damaged.

The complaint is composed of four counts. Two seek recovery for the children; one on the theory that defendant's activities constituted an ultra-hazardous activity, and the other on the theory of negligence. The remaining two counts concern alleged damage to the father's real property on the theory of negligence, or, in the alternative, an ultra-hazardous activity resulting in a trespass quare clausem fregit. At oral argument, plaintiffs' attorney stated that the complaint failed to state a cause of action in trespass quare clausem fregit, and in effect withdrew that portion of the complaint from our consideration.

Defendant has demurred to each count and also moves for a more specific complaint.

Plaintiffs' first theory is that their injuries came about by reason of defendant's ultra-hazardous activities, that is, the use of "sulphuric acid and/or other dangerous chemicals". Many materials, normally safe, may be used in such a manner or under such circum-

stances as to create danger. Before the employment of a substance can be declared "ultra-hazardous" as a matter of law, its dangerous propensities must be clearly alleged and specifically described. In the same way that negligence must be alleged with particularity, so must inherently dangerous characteristics or manner of use be specifically described. Plaintiffs' allegation here, that certain unknown chemicals are "dangerous", is not enough. However, plaintiffs did sufficiently describe one ingredient as sulphuric acid, and we may take judicial notice of that chemical compound's general characteristics. So far as it is concerned, the question to be resolved is whether its use in cleaning a cesspool in a residential area constituted an ultra-hazardous activity.

Section 520 of the Restatement of Torts, cited with approval (Federoff v. Harrison Construction Co., 362 Pa. 181, 183 (1949)), states that an activity is ultrahazardous if it (a) necessarily involves a risk of serious harm to the person, land, or chattels of others which cannot be eliminated by the exercise of the utmost care, and (b) is not a matter of common usage.

In the comments to that section, the restatement suggests that such activities would include aviation, transportation, storage or use of explosives, drilling of oil wells and perhaps the operation of certain mammoth land vehicles. The restatement indicates that an activity may be ultra-hazardous because of the instrumentality used, the nature of the subject matter, or the condition it creates, and uses the previously mentioned activities as examples. The use of explosives is the only activity specifically described in Pennsylvania appellate decisions as "ultra-hazardous": Enoch v. New Enterprise Stone & Lime Company, Inc., 199 Pa. Superior Ct. 220, 222 (1962) ; Bumbarger v. Walker, 193 Pa. Superior Ct. 301, 309 (1960) ; Laventhol v. DiSandro Contracting Company, 173 Pa. Superior Ct.

522, 526 (1953). Our appellate courts have considered stock car racing and a fireworks display and found them, under the given factual circumstances, not to be "ultra-hazardous": Blake v. Fried, 173 Pa. Superior Ct. 27, 37 (1953) ; Haddon v. Lotito, 399 Pa. 521, 523 (1960).

The thread common to the restatement's example seems to be force, a violent, enormous, unpredictable force that may cause remote and extensive damage, despite all reasonable and proper care.

While other possibilities may be presented to the courts, as they consider such modern novelties, as gamma particles, coherent light and supersonic speeds, the basic requirements would seem to be likely to remain. In this case, there is a potentially dangerous condition from the corrosive nature of sulphuric acid and the toxic effect of many of its reactive compounds, but there is no violent, unpredictable force. The generation and dispersion of the gases was relatively slow and quite predictable. Actually, defendant's activities produced very little in physical or legal effect that differed from smoke produced by the lighting of a field fire. For these reasons, we find no merit in plaintiffs' description of these activities as ultra-hazardous.

The last demurrer, stating that the complaint is insufficient in law to state a cause of action by way of an act of negligence, must be dismissed. Defendant has failed to state, in his pleading or his brief, the nature of the deficiency, and our examination of the complaint fails to show any fatal defect.

Finally, defendant has moved for a more specific complaint, seeking to learn what the "other dangerous chemicals" were, in what manner defendant was negligent and a statement of the specific items of loss. Obviously, defendant is in a much better position than plaintiffs to specify what chemicals defendant used in that cesspool. As to the damages, the complaint spells

out the elements of personal and property injuries in sufficient detail to enable defendant to prepare an adequate answer. Normal discovery proceedings will furnish any additional information defendant may need to ready his defense for trial. Defendant's motions for a more specific complaint are dismissed.

### ORDER

And now, April 26, 1965, upon consideration of oral argument and the briefs of counsel, defendant's motions for a more specific complaint are dismissed. Defendant's demurrers to those counts relating to the existence of an ultra-hazardous activity or a trespass quare clausem fregit are sustained, while the demurrer to those counts couched in a theory of defendant's negligence is dismissed. Defendant is given leave to file an answer within 20 days.