# Mazza *v.* Berlanti Construction Company, Inc., Appellant.

Argued September 14, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*William D. March,* for appellant.

*Edwin E. Lippincott, II,* with him *Lippincott & Donaldson,* for appellees.

OPINION BY WRIGHT, J., November 10, 1965:

On March 24, 1964, Josephine, Mary and Carmela Mazza filed a complaint in trespass against Berlanti Construction Company, Inc., hereinafter referred to as Berlanti, to recover damages to their premises resulting from blasting. Berlanti did not answer the complaint, but did file interrogatories which were answered by the plaintiffs. Following a two-day trial, at which the late Judge WILLIAM R. TOAL presided, the jury returned a verdict for the plaintiffs in the sum of $6,500.-00. Motions by Berlanti for a new trial and for judgment n.o.v. were dismissed by the court en banc, and judgment was entered on the verdict. This appeal followed.

The Mazza sisters are the owners of and reside in premises at the corner of Thirteenth and Potter Streets in the City of Chester, Delaware County. Their property is improved by a large dwelling house and additions thereto, including a beauty parlor. Berlanti is a corporation engaged in the business of engineering, contracting and construction, with its general office in New York City. Commencing in 1961 and continuing through April 17, 1963, Berlanti was engaged in the installation of a major sewer main on Thirteenth Street, and also in the relocation of railroad tracks of the Baltimore and Ohio Railroad. This work was being performed under contract with the Commonwealth of Pennsylvania pursuant to an overall plan for construction of the Chester Expressway.

The Mazza theory was that certain blasting operations conducted by Berlanti in the vicinity of their property resulted in damage to the premises. Berlanti conceded that its employes were working in the area during the period in question. The failure of Berlanti to file a responsive pleading constituted an admission of the identity of the actors and their agency: Pa. R. C. P. No. 1045(a). However, Berlanti denied that the activity of its employes caused the damage claimed, and demanded proof in this regard. The controlling issues were submitted to the jury in an impartial and comprehensive charge to which only a general exception was taken.

Appellant now argues, and this is its first contention, that the trial judge erred in adding the following explanation in connection with his affirmance of Berlanti's second point[1] for charge: "We will affirm that as read with this explanation: in this case if you find that the blasting caused the damage and if you find that the blasting took place at such a location that from the evidence you are convinced it was near enough and could be the proximate cause of the damage, then you would find that it was in the foreseeable orbit of harm . . . But in this particular case if the blasting caused the damage then it was done within the foreseeable orbit of harm because it was close enough to be in that area".

---

[1] "In order to find for the Plaintiffs, you must find that the Defendant was engaged in an ultra-hazardous activity and that the damage claimed by the Plaintiffs was within the foreseeable orbit of harm of the Defendant's activities and was caused by such ultra-hazardous activities. By foreseeable orbit of harm, we mean that the Defendant should recognize that the Plaintiffs' property is likely to be harmed by the unpreventable miscarriage of its activity and that the harm will result thereto from that which makes the activity ultra-hazardous, regardless of the care exercised to prevent it. Otherwise, you must find that the Plaintiffs' damage was caused by the Defendant's activity which was negligently carried on in order to find for the Plaintiffs".

It is sufficient to point out that, as previously indicated, no specific exception was taken to the quoted language, nor was any question raised with regard thereto in the motion for a new trial. The appellate court will refuse to consider issues not properly raised in the court below: *Erie Drug Company Case,* 416 Pa. 41, 204 A. 2d 256. A party may not sit by silent, take his chances on a verdict, and, if it is adverse, then complain of matter which, if error, could have been eradicated during the trial if brought to the court's attention properly and timely: *Segriff v. Johnston,* 402 Pa. 109, 166 A. 2d 496. Where an injury results solely from vibration, there is liability, regardless of negligence, limited to such damages as might or ought to have been foreseen: *Harclerode v. Detwiler,* 61 Pa. D. & C. 541. See also *Federoff v. Harrison Construction Co.,* 362 Pa. 181, 66 A. 2d 817; *Laventhol v. A. DiSandro Contracting Co.,* 173 Pa. Superior Ct. 522, 98 A. 2d 422. Our review of the charge as a whole demonstrates its correctness and adequacy. Cf. *Steinberg v. Sheridan,* 416 Pa. 261, 205 A. 2d 870.

Appellant's second contention is that the Mazzas did not "meet their burden of proof of establishing that the damages of which they complained were caused by the defendant's blasting". The Mazzas testified that the blasting commenced in 1961. Pasquale Fazio, an assistant construction engineer for the Pennsylvania Department of Highways and a witness for the appellant, testified as to Berlanti's 1962 blasting operations on Thirteenth Street within an area 140 feet west and 180 feet east of the intersection with Potter Street. Fazio also testified that there was blasting "in the cut where the railroad tracks were relocated" approximately 250 feet below Thirteenth Street, and that some of this blasting was performed by another contractor. Appellant cites *Stauffer v. Railway Express Agency,* 355 Pa. 24, 47 A. 2d 817, for the proposition

that, if the injury could have been produced by either of two equally probable causes, the verdict cannot stand. Also cited are *Stanalonis v. Branch Motor Express Co.*, 358 Pa. 426, 57 A. 2d 866, and *Polk v. Steel Workers Organizing Committee*, 360 Pa. 631, 62 A. 2d 850. However, as pointed out in *Smith v. Bell Telephone Co.*, 397 Pa. 134, 153 A. 2d 477, in which prior decisions were disapproved, the correct rule is that, where a reasonable conclusion as to liability can be reached, the facts are for the jury.[2]

Appellant also argues that the Mazzas failed to adduce expert testimony, citing *McCrosson v. Philadelphia Rapid Transit Co.*, 283 Pa. 492, 129 A. 568, and *Kosco v. Hachmeister*, 396 Pa. 288, 152 A. 2d 673. We do not understand the law to be that this is a necessary requirement. Where conditions which have continued for a long period of time change coincidentally with the occurrence of a new event, which in common experience may have caused the change, there is sufficient evidence of causation present for the case to go to the jury: *Bumbarger v. Walker*, 193 Pa. Superior Ct. 301, 164 A. 2d 144. Lay witnesses were permitted to testify as to concussion damage in *Del Pizzo v. Middle West Construction Co.*, 146 Pa. Superior Ct. 345, 22 A. 2d 79, and in *Federoff v. Harrison Construction Co.*, supra, 362 Pa. 181, 66 A. 2d 817. See also *Dussell v. Kaufman Construction Co.*, 398 Pa. 369, 157 A. 2d 740.

---

[2] "We have said many times that the jury may not be permitted to reach its verdict merely on the basis of speculation or conjecture, but that there must be evidence upon which logically its conclusion may be based . . . Clearly this does not mean that the jury may not draw inferences based upon all the evidence and the jurors' own knowledge and experiences, for that is, of course, the very heart of the jury's function. It means only that the evidence presented must be such that by reasoning from it, without resort to prejudice or guess, a jury can reach the conclusion sought by plaintiff, and not that that conclusion must be the only one which logically can be reached".

In the instant case the trial judge affirmed appellant's first point for charge which reads as follows: "The burden of establishing that the damages of which they complain were caused by the defendant's blasting is upon the plaintiffs". Cf. *Enoch v. New Enterprise Stone and Lime Co.,* 199 Pa. Superior Ct. 220, 184 A. 2d 407. The testimony must be viewed in the light most favorable to the winner of the verdict: *Charles v. LaRue,* 205 Pa. Superior Ct. 88, 208 A. 2d 31. We agree with the court en banc that there was ample evidence from which the jury could properly find that appellant's blasting caused the damage to the Mazza property.

Appellant's third and final contention is that the jury's verdict was contrary to the evidence and to the law. Appellant argues that the jury did not have the right to capriciously disregard Fazio's testimony, citing *Lunzer v. Pittsburgh and Lake Erie R. R.,* 296 Pa. 393, 145 A. 907, but that case does not control the instant appeal. Appellant also complains that the jury disregarded the testimony of Jack S. Specht, a vibration engineer, to the effect that the Mazza damage was not caused by Berlanti's blasting, citing *Mudano v. Philadelphia Rapid Transit Co.,* 289 Pa. 51, 137 A. 104, wherein the plaintiff called two expert witnesses whose testimony was diametrically conflicting. This was not the situation in the case at bar. It was the province of the jury to reject Specht's opinion: *Ray v. Philadelphia,* 344 Pa. 439, 25 A. 2d 145, in which the *Mudano* case is distinguished. See also *Gaita v. Pamula,* 385 Pa. 171, 122 A. 2d 63. The reconciliation of conflicting accounts of an occurrence and the determination of legal liability so far as it is dependent on fact are within the exclusive province of the jury: *Majewski v. Lempka,* 321 Pa. 369, 183 A. 777.

Judgment affirmed.