## Mazzarella v. Lehigh Foundations, Inc.

Before Hourigan and Olszewski, JJ.

*Sandor Yelen* and *Barry A. Yelen,* for plaintiffs.

*Charles L. Casper,* for defendant.

OLSZEWSKI, J., October 8, 1969.—This matter comes before the court on defendant's preliminary objections to a complaint in trespass containing two causes of action, one being on the theory of an extra-hazardous activity, and the other on the theory of negligence.

The preliminary objections consist of a demurrer, a motion to strike off the pleading, and thirdly, a motion for more specific pleading. We will consider the objections seriatim.

The question raised by the demurrer is simply whether pile driving in the construction of roads and sewers is an extra-hazardous activity. Our research has been unable to disclose an adjudication of this question in Pennsylvania. Therefore, the problem appears as one of first impression. While the question was presented in the case of Dussell v. Kaufman Construction Co., reported in 398 Pa. 369 (1960), it was not considered because the record established that defendant performed its work in a negligent manner and, therefore, unnecessary to determine in resolving the controversy before the court on appeal. We know from reading the Dussell case that pile driving is an earth-shaking affair. We also know from reading that case that our Supreme Court approved the language in the

case of Sam Warren and Son Stone Co. v. Gruesser, 307 Ky. 98, where our Supreme Court stated therein, at page 380, of the Dussell case:

"'The continuous jarring and injury to plaintiff's houses render their occupancy unpleasant as well as, according to the testimony, unhealthful, and their annoyance is not governed by the shifting changes of the wind . . . *Every citizen has a right to the free and unmolested enjoyment of the occupancy of his home, and included in this is the right to freedom from the consequences of any subtle influence being set in motion which interferes with this right, be it visible or invisible.'*"

In the case of Federoff v. Harrison Construction Co., 362 Pa. 181 (1949), our highest court held that the rule of absolute liability for damage caused by blasting is applicable to damage resulting from vibration or concussion even though no tangible material is thrown on the damaged property. We have reviewed sections 519, 520 of the Restatement of Torts and conclude that vibration and concussion from pile driving constitutes an extra-hazardous activity. We think that this view is a logical extension of the judgment in the Federoff case and in accord with sections 519, 520 of the Restatement of Torts.

We are aware of the case of Sachs v. Chiat, 281 Minn. 540, 543, 162 N. W. 2d 243, 246, where the Minnesota Supreme Court stated as follows:

"Pile driving, as the directed verdict in this case assumes, did transmit concussion and vibration to the immediately adjacent land and caused substantial property damage. To the extent that it might be assumed that pile driving would inevitably transmit concussion and vibration to adjacent areas and result in serious harm to adjacent landowners, regardless of the reasonable precaution with which it is conducted, we think it may be classed as an inherently dangerous

or ultra-hazardous activity. Even though it is not conduct which is so hazardous or lacking in social utility that it should be prohibited, we conclude that it is the kind of activity that should not be permitted without liability for substantial damage to property actually resulting from its performance."

To the same effect, see Caporale v. C. W. Blakeslee and Sons, Inc., 149 Conn. 79, 85, 175 A. 2d 561, 564 (1961), where the Supreme Court of Errors of Connecticut stated:

"To impose liability without fault, certain factors must be present: an instrumentality capable of producing harm; circumstances and conditions in its use which, irrespective of a lawful purpose or due care, involve a risk of probable injury to such a degree that the activity fairly can be said to be intrinsically dangerous to the person or property of others; and a causal relation between the activity and the injury for which damages are claimed. The defendant actor, even when he uses due care, takes a calculated risk which he, and not the innocent injured party, should bear. He 'is not regarded as engaging in blameworthy conduct. He is creating hazards to others, to be sure, but they are ordinary, and reasonable risks incident to desirable social and economic activity. But common notions of fairness require that the defendant make good any harm that results even though his conduct is free from fault.' Whitman Hotel Corporation v. Elliott & Watrous Engineering Co., 137 Conn. 562, 567, 79 A. 2d 591, 594, quoting from Harper, Torts, p. 408; see 2 Harper & James, Torts, §14.7. The pile driver used in the case at bar was clearly an instrumentality capable of producing harm. The purpose for which it was being used, the construction of a public highway, was a lawful purpose, socially and economically desirable. Caporale concedes that there was no negligence in the use of the pile driver. The driving of heavy

steel piles with this powerful instrument over a period of four months within seventy-five feet of his concrete-block buildings, even when due care was used, spells out circumstances and conditions which involve the risk of probable injury, a risk which, in fact, was actually anticipated by the defendant when it inspected premises nearby before it began work. The operation was, as the court correctly found, an intrinsically dangerous one, and the court's conclusion of absolute liability was proper."

We find that pile driving and the damages resulting from the vibrations and concussions constitute an extra-hazardous activity.

Counsel for defendant also argues that a contractor performing municipal work is not liable without proof of negligence in an action of trespass. We do not agree with this view. We feel that an action in trespass may properly be brought against the independent contractor even though he may be acting under contract with a municipality or a municipal corporation: Laventhol v. A. DiSandro Contract Co., 173 Pa. Superior Ct. 522 (1953). Therefore, it is necessary to dismiss the demurrer.

Defendant's next point is that the complaint does not sufficiently allege facts which would entitle plaintiff to recover exemplary damages. While it is not necessary to itemize or claim exemplary damages by name, it is necessary that the complaint contain such averments of the necessary facts to support such damages and such averments as will advise defendant of what he has to meet. 11 P. L. Encyc. §121 p. 471, 3 Standard Pa. Pract. §187 pp. 459, 460; Quick v. Lichtenwalner, 84 D. & C. 546; Eby v. Sun Pipe Line Co., 21 D. & C. 2d 190. In this regard, the complaint falls short of the established prerequisites.

Finally, defendant moves for a more specific pleading insofar as the second cause of action is concerned

because of the failure of plaintiff to allege any facts which would justify finding defendant negligent. Accordingly, defense requests a more specific pleading.

An examination of paragraph 9 demonstrates that the objection is well taken. We find it necessary to agree with what Judge Flannery said in the case of McGeehan v. Cicconi, 48 Luz. 127, 129, wherein he stated:

"Allegations of negligence or carelessness without facts to support them are insufficient."

Plaintiff avers his allegations of negligence in a general manner.

Defendant also complains that plaintiff's averments concerning paragraph 9(c) are insufficient and inadequate. With this we must also agree. In Hall v. Mednitsky, 51 Luz. 55, 56, our court stated therein that they are insufficient when only general averments are made. It is necessary to allege additional facts to support this kind of general averment Ultimately, the final determination of what constitutes a proper complaint depends largely on the facts and circumstances of each case, but the time-honored and traditional ancient requirement is that a defendant be informed of the problems he is to face at trial: Nardell v. Scranton-Spring Brook Water Service Co., 51 Luz. 75, Rosche v. McCoy, 8 D. & C. 2d 131, 132. It is necessary that a proper complaint contain a sufficient statement of material facts in order that defendant will know exactly how he failed to meet the standard required under the circumstances.

Accordingly, we enter the following:

### ORDER

It is ordered, adjudged and decreed that the demurrer to the complaint is hereby dismissed; and defendant's motions to strike off the pleading and for a more specific pleading are granted, and plaintiffs are granted

204

20 days within which to file an amended complaint in conformity with this opinion.