## Tschudy v. Bethlehem Mines Corporation

*David J. Brightfill* of *Lewis, Brubaker, Whitman & Christianson,* for plaintiffs.

*James R. Koller* of *Siegrist, Koller & Siegrist,* for defendant.

GATES, P. J., April 13, 1972.—Plaintiffs are the successors in title from Mary A. Doll, who on July 1, 1957, purchased 8 Miners Village in the Borough of Cornwall from the Bethlehem Steel Company. The deed from defendant to Mary A. Doll was for and in consideration

of the payment of $3,195 and ". . . of the waiver and release hereinafter set forth . . ." The waiver reads, in pertinent part, as follows:

"EXCEPTING, MOREOVER, to Bethlehem-Cuba Iron Mines Company, a West Virginia corporation, its successors, assigns, and lessees, all ore, coal, fire-clay and other minerals in and under the land hereby conveyed, together with the free and uninterrupted right of ingress and egress beneath the surface into and from said land or any part thereof for the purpose of mining and carrying away any or all of said ore . . . and of performing all acts incident or appertaining thereto, all without liability for injury or damage that may result to the overlying strata or the surface land or to buildings or structures now or hereafter erected therein or thereon . . ."

"The land hereby conveyed shall forever be *Subject*, as the servient tenement, to the right and easement in said Bethlehem-Cuba Iron Mines Company, and in its lessees and other successors and assigns in the ownership or operation of the mines in said Borough of Cornwall now owned by said Bethlehem-Cuba Iron Mines Company, (i) to injure, damage and invade said land hereby conveyed, and all buildings, improvements, personal property and growing things now or hereafter located thereon, by gases, silt, dust, smoke, noise, odor or vibration caused, created or disseminated by or in the course of the operation of any such mine . . . and the Grantee by the acceptance hereof hereby waives and releases, for himself and his heirs, executors, administrators and assigns (including any person who shall hereafter own or reside on said land hereby conveyed), any and all claims, demands and causes of action whatsoever for or in respect of any and all injury, damage or invasion hereafter caused or occuring as aforesaid."

On August 16, 1971, plaintiffs filed a complaint against defendant alleging that between September 1967, and September 1969, defendant detonated dynamite, or other high explosives, in or about the premises of plaintiffs at 8 Miners Village, Borough of Cornwall, County of Lebanon, Pa., for the purpose of mining certain minerals. The complaint further avers that by reason of the detonation of dynamite, the premises of plaintiffs was damaged.

Defendant, by way of new matter set forth in its answer pleads the exculpatory provisions in the deed as a complete defense to this suit.

Plaintiffs thereafter filed a preliminary objection in the nature of a demurrer to the new matter of defendant.

At argument and in their briefs, plaintiffs concede that if the exculpatory provisions in the deed are valid, defendant has a full and complete defense. However, plaintiffs argue that the provisions are void as being against public policy.

Both plaintiffs and defendant cite and rely heavily upon cases interpreting contracts providing for immunity from liability for negligence. These authorities simply do not apply to the case before us in its present posture. While perhaps, many of the principles guiding courts to a determination of the validity of exculpatory clauses such as are set forth in Warren City Lines, Inc. v. United Refining Co., 220 Pa. Superior Ct. 308, would be helpful, they cannot be said to be controlling.

It is the law in this Commonwealth, as most everywhere, that blasting is an ultrahazardous activity and the rule of absolute liability applies: Federoff et ux. v. Harrison Construction Co., 362 Pa. 181. The principles of law imposing liability without fault were reached after much philosophical agonizing on the part of jurists throughout the history of the common

law. It is a harsh rule. Fortunately, its contours have been strictly confined to categories of ultrahazardous activity such as blasting. See section 519 of the Restatement of Torts.

A careful reading of the waiver and release contained in the deed in issue leads us to conclude that defendant spelled out its intention with great particularity, and it shows an intent to release defendant from liability in connection with the activity of mining ore beneath or in the vicinity of the property conveyed. The language must certainly be construed as an indemnity against liability without fault. Thus, we have been shown no authority for our declaring illegal a contract supported by valid consideration which plainly releases one of the parties from the harsh rule of absolute liability.

Courts in Pennsylvania have recognized an exculpatory clause is valid if (a) it does not contravene any policy of the law, that is, it is not a matter of interest to the public or State (Dilks v. Flohr Chevrolet, 411 Pa. 425 at 434); (b) when the contract is between persons relating entirely to their own private affairs Jacob Siegel Co. v. Philadelphia Record Co., 348 Pa. 245; (c) each party is a free bargaining agent and the clause is not, in effect, a mere contract of adhesion, whereby one party simply adheres to a document which he is powerless to alter, having no alternative other than to reject the transaction entirely: Galligan v. Arovitch, 421 Pa. 301.

As to the first requirement, our examination of many cases indicates clearly that the contravention of policy as it affects the State or the public has been confined to public policy as expressed in statutes, ordinances, or administrative regulations. Cases involving common carriers and landlords violating fire ordinances are examples. We know of no such public

policy applicable to a factual situation such as is before us concerning mining and mining methods.

As to the second requirement, it is clear that the deed by its very nature is a contract between persons relating entirely to their own private affairs.

Clearly, the grantor and the grantee of real estate are free bargaining agents under no compulsion to buy or sell.

Thus, we conclude that, on its face there is nothing illegal or unlawful about this deed and its exculpatory clauses.

There are a number of reasons for dealing with exculpatory clauses involving absolute liability differently from those involving future acts of negligence. The risks and inherent dangers involved in an ultrahazardous activity such as blasting in connection with a mining operation are quite predictable. Thus, a party to such an agreement can assess the risks and adjust the bargain accordingly. Furthermore, with the knowledge of the risk being undertaken, the party liable to be damaged can insure against the risk. On the other hand, future acts of negligence are entirely unpredictable and it is difficult, if not impossible, to relate such risks to the bargain. Furthermore, it is difficult to obtain a policy indemnifying the insured against any and all conceivable risks. Therefore, the law should be more patronizing of exculpatory agreements freely entered into between the contracting parties with full knowledge of the risks involved and in which agreement the liability sought to be avoided is clearly and plainly spelled out.

In that this complaint is bottomed on the rule of absolute liability, there being no allegation that defendant acted in a negligent manner, we are of the opinion that the case is barred by the express language contained in the deed.

We venture no opinion as to the legality of the clause so far as it might be employed to release defendant from the negligent conduct of its mining activities. Plaintiffs complain of no negligence, and the release does not purport to deal with damages resulting from the negligence of defendant or its servants. Even though the parties have discussed the issue extensively in their briefs, there is really no question present involving the release of negligent conduct about which we should have an opinion. So we will make the following

ORDER

And now, to wit, April 13, 1972, the preliminary objections of plaintiffs to defendant's new matter are overruled.