423 A.2d 735

**Donald E. KUHN, Appellant**

v.

**Nancy MICHAEL.**

Superior Court of Pennsylvania.

Argued April 9, 1979.

Filed Dec. 5, 1980.

Petition for Allowance of Appeal Denied March 16, 1981.

Edward W. Goebel, Jr., Erie, for appellant.

William J. Kelly, Erie, for appellee.

Before SPAETH, VAN der VOORT and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the Order of the Court of Common Pleas of Erie County by the plaintiff–appellant, Donald E. Kuhn. A jury verdict in favor of the defendant was rendered on January 13, 1978. After plaintiff's motion for a new trial or judgment, n. o. v., was denied by the court

below the plaintiff took this appeal. On appeal, plaintiff claims that the court below erred in its charge to the jury.

On February 14, 1972, the plaintiff was injured in an automobile accident on East Fifth Street in Erie, Pennsylvania. At the trial plaintiff, his wife, and another witness testified that on the date of the accident the plaintiff and his wife were proceeding westerly on East Fifth Street which was slippery at the time since it had snowed the night before the accident. The street was covered with slushy snow and ruts in the snow. The plaintiff stated that he had pulled his vehicle towards the north curb of the street and had stopped his vehicle temporarily about three to four feet from the north curb in order to permit traffic proceeding in an easterly direction to pass. The street was thirty (30) feet wide at this point and the plaintiff produced evidence showing that an automobile is from six to seven feet wide. Thus, according to plaintiff's testimony his vehicle was clearly in the correct lane of traffic when it was stopped. The testimony produced by plaintiff then indicated that the defendant, operating her vehicle in the opposite direction, approached plaintiff's vehicle, began to slide, slid into plaintiff's lane of traffic, and then struck plaintiff's vehicle causing injury to plaintiff. The defendant testified that she was going fifteen (15) miles per hour prior to the accident, that there were automobiles parked on her side of the roadway at the time; that plaintiff's vehicle was travelling at least seven feet from the north curb when she originally saw it at which point it was about twenty feet from her and moving towards her; that she pumped her brakes softly several times when her vehicle began to slide; that her vehicle slid in an easterly direction (not northeasterly as plaintiff had stated) and collided with plaintiff's vehicle; and that after the accident her vehicle was only six inches from the vehicles parked on her south side of the roadway. Thus, plaintiff's testimony tended to indicate that the defendant had slid across the center of the roadway into his vehicle and defendant's testimony tended to show that plaintiff was in *her* lane of traffic at the time of the accident.

■ Plaintiff's first assignment of error is that the court below erroneously refused plaintiff's point for charge which stated as follows:

"If you find that Miss Michael violated her duty to drive on the right–hand side of the street as far as possible to the right–hand edge or curb, and that this violation was due to her skidding on ice, you are instructed that being on the wrong side of the street is negligence and that Miss Michael bears the burden of proof to show that she was not to blame."

Plaintiff claims that the refusal of this point for charge was error because the court failed to charge the jury on defendant's burden of proof. Plaintiff argues that he had established a prima facie case of negligence on defendant's part by presenting testimony to the effect that the defendant had crossed the center of the roadway into his lane of traffic thereby striking his vehicle. He cites the case of *Kenworthy v. Burghart*, 241 Pa.Super. 267, 361 A.2d 335 (1976), in support of the proposition that the aforesaid point for charge should have been granted and the jury thereby instructed that the defendant had the burden of proving that she was not to blame for her vehicle's errant path. In that case, wherein a pedestrian was injured by a motorist when his vehicle skidded over onto the wrong side of the roadway thereby striking the pedestrian, we held that the trial court should not charge the jury that skidding itself is not negligence or that the pedestrian must prove that the motorist mismanaged his car before it skidded but that the jury should have been instructed that the burden of proof regarding the cause of the skidding is on the motorist who seeks to justify his violation of the statute (requiring a motorist to remain on the right hand side of the roadway) and his crossing over the center line. However, in *Kenworthy* both the plaintiff and the defendant testified that defendant's vehicle had skidded on ice across the center line of the roadway and had struck plaintiff on the opposite curb. The only dispute in the testimony was whether defendant's vehicle had "jumped" the curb and struck plaintiff on the

sidewalk or had struck plaintiff at the curb line. There was no dispute as to the fact that defendant's vehicle had crossed into the opposite lane of traffic. In our case both plaintiff and defendant produced testimony that each was in his or her own proper lane of traffic. Thus, we are not presented with a *Kenworthy* situation and the court's general charge with regard to negligence wherein he charged that it was the plaintiff's burden to prove the defendant negligent and that "the mere fact that the vehicle skidded, without more, does not establish negligence" was not error. Because the disputed testimony was for the jury it cannot be said that plaintiff made out a prima facie case of negligence entitling him to the *Kenworthy* charge.

Appellant–plaintiff's next assignment of error is that the court below committed reversible error when it granted defendant's point for charge which stated as follows:

"Three, the Pennsylvania Motor Vehicle Code prohibits any person from stopping a motor vehicle on a roadway without leaving a clear and unobstructed width remaining for the free passage of vehicles coming in the opposite direction; affirmed."

The appellant took exception to this point for charge stating that it "relates only to the question of parking on a highway or roadway and does not relate to the question of stopping to allow someone to go by ..." Appellant argues that the above quoted instruction to the jury was not applicable to the situation in the instant case because he presented testimony to the effect that he had stopped temporarily in order to allow traffic to pass. Section *1020(a)* of the *Motor Vehicle Code* then in effect (former *75 P.S. § 1020(a)*) prohibited stopping or parking of a vehicle upon a roadway. However, said section of the motor vehicle code was not intended to prohibit the momentary stopping of a vehicle or a temporary obstruction of the highway if for a proper purpose and under proper circumstances. *Johnson v. An-*

*gretti,* 364 Pa. 602, 73 A.2d 666 (1950). In our case it was clearly established that on the date of the accident the road conditions were hazardous as the streets were covered with ice and slush and were slippery. It was also uncontested that vehicles parked alongside the roadway and the piles of snow and ruts in the roadway had contributed to this hazardous condition and had obviously decreased the available space on the street on which vehicles could be driven. Under these circumstances we find that defendant's temporary stopping on the street, in order to allow oncoming vehicles to pass, was done for a proper purpose and was done under proper circumstances. Thus, the point for charge discussed herein should have included at the very least, an additional comment to the effect that such a stop could be justified if done for a proper purpose and under proper circumstances. Otherwise, the point for charge should have been refused. Considering the facts of this case we cannot say that the granting of this point for charge was harmless error because the jury could have believed that plaintiff was negligent merely for stopping his vehicle upon the roadway without leaving a clear and unobstructed width remaining for vehicles coming in the opposite direction, whether or not his stopping was for a proper purpose and under proper circumstances. Since the testimony in this case presents evidence of such purpose and circumstances we hold that it was error to charge the jury as the court did and that this error had a substantial effect on the jury especially considering the law with regard to contributory negligence, which was in effect at the time of this accident.

Order reversed and new trial granted.

SPAETH, J., files a concurring opinion.

SPAETH, Judge, concurring:

I agree with the majority that the lower court committed reversible error in failing to charge the jury that the Motor Vehicle Code does not prohibit momentary stopping for

proper purposes under proper circumstances. However, unlike the majority, I also find reversible error in the lower court's refusal to instruct the jury pursuant to *Kenworthy v. Burghart*, 241 Pa.Super. 267, 282, 361 A.2d 335, 343 *appeal dismissed*, 478 Pa. 20, 385 A.2d 975 (1976).

Whether the defendant's vehicle did in fact skid across the center line into the opposite lane of traffic was a disputed issue. As the majority correctly observes, "[b]oth plaintiff and defendant produced testimony that each was in his or her own proper lane of traffic." 283 Pa.Super. at 106, 423 A.2d at 738. This being so, it was exclusively for the jury to decide which of the parties' conflicting accounts was the more credible, and determine legal liability accordingly. *Mazza v. Berlanti Const. Co.*, 206 Pa.Super. 505, 214 A.2d 257 (1965). Since the jury could have accepted the testimony presented by the plaintiff that the defendant's vehicle was in the wrong lane of traffic, the lower court was obliged to instruct the jury, pursuant to *Kenworthy*, that being on the wrong side of the road constitutes negligence and that in such a case the burden shifts to the driver on the wrong side to prove that he or she was not negligent in being there. The lower court's general instruction, assigning the plaintiff the burden of proving negligence, was therefore insufficient. The plaintiff was entitled to have the jury further instructed that if it believed the plaintiff's testimony that the defendant was on the wrong side of the road, it was the defendant's burden to prove that she was not negligent in being there. Indeed, since the case must be retried, it should be noted that the court's general instruction was also insufficient from the defendant's point of view, for she was entitled to have the jury instructed that if it believed her testimony that the plaintiff was on the wrong side of the road, it was the plaintiff's burden to prove that he was not negligent in being there.

For these reasons, I agree that the lower court's order should be reversed and the case remanded for new trial.